BOMPART'S ADMINISTRATOR, Appellant, *vs.* LUCAS & HUNT, Respondents.

1. The probate courts have no power to authorize administrators to sell the real estate of their intestates, except in those cases provided for by statute : *Held,* therefore, that a deed, made by way of compromise of a claim in favor of the representatives of an intestate, and not for the purpose of raising money for the payment of the debts, &c., &c., though made by the administrator of such estate, under an order of the probate court, and purporting to pass all the interest of the intestate's estate, will not pass the interest of minor heirs of such intestate.
2. A. and B., by way of compromising a claim of certain heirs of C., deceased, executed their note for $2000, to one D., and delivered the same to E., with instructions to hold the same " until P., administrator of (the said) C., deceased, executes a quit claim deed of relinquishment of the interest of the estate of said deceased in and to two tracts of land," &c., to the said A. and B. : *held,* that the note cannot be legally demanded of the said E., so as to become the foundation of an action, until a deed is made passing *all* the interest of the estate of C. and comprehending the interest of minor heirs of said C. The condition is not satisfied by a deed, made by the administrator of C. under an order of the probate court, and purporting to convey all the interest of C.'s estate, it not appearing that the deed was made for the purpose of raising money for the payment of the debts of the intestate, &c., or that the probate court in any other way had the power to authorize the making of such a deed.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*C. B. Lord* and *B. A. Hill,* for appellant. 1. The note in question having been once delivered, a suit can be maintained

on it, notwithstanding a subsequent voluntary delivery of the note to Patterson to be held until the quit claim deed mentioned in said receipt of Patterson was executed. The delivery was absolute. If one make a deed and deliver it to the party to whom it is made as an *escrow* upon certain conditions, the delivery is absolute and the deed shall take effect as his deed. (*Fairbank* v. *Metcalf*, 8 Mass. 238, per Sedgwick, J.; *Wheelright* v. *Wheelright*, 2 Mass. 447.) The note being once delivered, it became an absolute promise to pay money. The rights of the parties, fixed by the delivery of the note, were not divested by the subsequent placing of the note in the hands of the defendants or their agent. It was a contract fully executed and binding upon the makers. (4 Com. Dig. Fait, A. 3. *Souverlye* v. *Arden*, 1 Johns. Chy. R. 240. *Arnold* v. *Patrick*, 6 Paige, 310. *Worrall* v. *Munn*, 1 Selden, 229. 10 Wend. 311. *Goss* v. *Whitney*, 24 Verm. 187. *Den. d.* v. *Partee*, 2 Dev. & Bat. 530.) 2. The words in the receipt do not make a condition. The intent is uncertain. (1 Ral. 411. Poph. 99. Cro. Eliz. 414. Pol. 76. 3 Com. Dig. 88.) It is surely not a condition that the heirs should convey. The administrator, as such, had no power to convey the interest of the heirs. The defendants claim the benefit of the condition to avoid their solemn promise to pay money, and as to them it will be construed strictly. It will, therefore, be no answer to say that, because the estate did not descend to the administrator, the words, " of the interest of the estate of said deceased" mean the interest of Francis Bompart's heirs. 3. If there was a condition, it was literally and strictly complied with. The deed of March 2d, 1852, was a performance of the condition. 4. The court below erred in ruling out the testimony offered to show the pecuniary condition of Emilie Bompart, in connection with the will of her husband. She was to enjoy the property for life, and if her necessities required, she was to alien the same; and if her necessities at the time of the conveyance of April 3d, 1846, required her to dispose of the property, then her deed conveyed

all the interest which her husband had in the land mentioned in the deed.

*Glover & Richardson*, for respondents. The main question to be considered is the ascertainment of the condition on which the note was made to take effect. 1. By the agreement of the parties the note was to be held by Patterson as an escrow, until a deed was executed and delivered to the defendants, which should operate to pass the interest of the minor heirs of Francis Bompart, and the deed which was tendered being ineffectual for that purpose or any other, the note never took effect. F. Bompart's interest in the land did not descend to his administrator, and he had no interest in it except for the payment of debts under the circumstances prescribed by law. His heirs were his representatives, and the words, " the interest of the estate" were equivalent to saying, the interest of the heirs. It is to be presumed that the defendants intended to contract for something. The mere deed of the administrator was a nullity. The defendants may have supposed that the administrator could procure an order for the sale of the property for the payment of debts, or that some proceedings would be instituted by which the interest of the heirs could be be sold for their maintenance. 2. Proof of the pecuniary condition of Emilie Bompart, widow of Francis Bompart, was properly rejected. She only purports in the deed to convey her interest as one of the heirs of Henry Delaurier, and not any interest which she acquired by the will of F. Bompart. The will gave her a life estate, and also a power to convey the fee in a certain contingency. She had then an interest and a power, and the deed being executed without particular reference to the power, it will be applied to the interest. (4 Kent, 334–5. *Blagg* v. *Miles*, 1 Sto. 427. 3 John. Ch. 551. *Cox* v. *Chamberlain*, 4 Ves. 631.) The execution of the deed of Mrs. Bompart and others, dated April 2d, 1846, was contemporaneous with the execution of the note sued on, and the agreement touching it, and the parties assumed that the interest of the estate of Francis Bompart, deceased, had not been conveyed by said deed.

RYLAND, Judge, delivered the opinion of the court.

This is a petition upon a promissory note, twice assigned; the plaintiff asks payment for the amount of the note, and alleges it to be in the possession of the defendants' agent, H. L. Patterson. In an amended petition, there is alleged the proceedings in the Probate Court, in relation to a compromise between the defendants and Charles Roderman, to whom the note was given; and that a deed was made accordingly by which the land described therein was conveyed to the defendants, James H. Lucas and Ann L. Hunt.

The defendants answer that three minor heirs of Francis Bompart claimed an interest in certain land belonging to the defendants as such heirs, and that defendants agreed to pay them $2000 for their interests if Roderman would procure a conveyance of their interests by proper proceedings in the Probate Court. This was done to quiet the defendants in their title.

The following is the receipt which Roderman took from Patterson: " St. Louis, April 11, 1846. Received of Charles Roderman, a note drawn and signed by James H. Lucas and Ann L. Hunt, dated April 3d, 1846, at three years, for two thousand dollars, which note I am instructed to hold until William Phillips, administrator of François Bompart, deceased, executes a quit claim deed of relinquishment of the interest of the estate of said deceased, in and to two tracts of land in St. Louis county, which tracts have been recently conveyed by quit claim of Louis Bompart and others to James H. Lucas and Ann L. Hunt. The said deed of Mr. Phillips, administrator as aforesaid, to be in favor of said Lucas & Hunt. (Signed,) H. L. Patterson."

On the trial, the plaintiff read this receipt in evidence; also read the proceedings of the Probate Court, showing that the administrator of François Bompart obtained an order to make a deed of all the interest of the estate of said Bompart to the tracts of land referred to; also read a copy of deed dated 2d

March, 1852, made by Louis F. Bompart, as administrator *de bonis non* of François Bompart, deceased, to James H. Lucas and Ann L. Hunt, which deed was tendered to Lucas, but which he would not receive. It was put in the recorder's office by Mr. B. A. Hill, the person who tendered it *to* Lucas, for record, who testified that, after search in said office for the deed, it could not be found ; the copy was then produced and read. This deed does not pretend to convey to Lucas and Hunt the interest and claim of the minor heirs of Bompart, deceased, but only a quit claim for all the interest that the estate of said Bompart had in and to the two tracts of land described, and all the interest which Phillips, as administrator, had therein, and all the interest which Louis F. Bompart, as administrator *de bonis non* of said François Bompart, deceased, had therein, and all the interest which said William Phillips, as administrator, and which said Louis F. Bompart, as administrator *de bonis non*, were ordered by the Probate Court to convey. Also, read a quit claim deed from the widow of said Bompart and several of the heirs of said Bompart, not, however, including any person who was authorized or pretended to be authorized to convey the interest of the three minor heirs of François Bompart, to Lucas and Hunt, for the said two tracts of land. The plaintiff also read the will of said François Bompart, by which it appears that he willed the possession of his whole property to his wife during her life, and declared himself willing that she might dispose of it, if in want, by aliening or selling it.

The plaintiff then offered to show that in 1846 the widow of Bompart was in needy circumstances ; which proof was rejected, and exceptions taken by plaintiff. The plaintiff then proved that he demanded of Mr. Lucas the money after the deed had been tendered ; also demanded the note of Mr. Patterson ; but Lucas refused to pay, and Patterson refused to deliver up the note. This is the substance of the plaintiff's case. The court instructed the jury that the plaintiff could not recover. Thereupon, the plaintiff took a nonsuit ; and afterwards made a mo-

tion to set the same aside, which being overruled, he brings the case here by appeal.

This court is of opinion that the court below committed no error in giving the instruction ; that, from the plaintiff's own showing, he cannot recover.

Now the note in question was to be held by Mr. Patterson until Wm. Phillips, administrator of François Bompart, deceased, executed a quit claim deed of relinquishment of the interest of the estate of said deceased, in and to two tracts of land in St. Louis county, which tracts have been recently conveyed by quit claim of Louis Bompart and others to James H. Lucas and Ann L. Hunt ; the said deed of Phillips to be to Lucas and Hunt.

What is meant by the terms quit claim deed of relinquishment of the interest of the estate of François Bompart, deceased ? The object of the obligors of the note was to quiet their titles and claim to certain tracts of land in St. Louis county, to which the estate of François Bompart laid claim, as was supposed. Now the administrator has the power, under certain circumstances, to sell and convey the real estate of the intestate, and by such sale discharge it from all the interest of the heirs of the intestate. When it becomes necessary to sell real estate to pay debts, and such sales are ordered and proceeded with according to law, the heir's interest in the real estate so sold, passes under the sale to the vendee. So the estate of a deceased person may, thus far, have an interest in and to lands claimed to be the property of some one else, and, for the purpose of paying debts, the administrator of such estate may, under the proceedings of the Probate Court, sell all such interest. But I know of no power in the Probate Court to authorize, in cases like the present, the administrator to sell the interest which the intestate's estate has in real estate. This power can be exercised in cases provided for in the statute, but this case is not such a one. The numerous provisions in the 3d article of the act concerning administration, (R. C. 1845,) do not embrace a case like the present. Now, under these pro-

ceedings of the Probate Court, given in evidence in this case, it cannot be insisted that the interest of the estate of François Bompart passed under the deed of Lewis F. Bompart, administrator *de bonis non*, to Lucas and Hunt, divested of the interest of the minor heirs of said François. Indeed, no interest passed, because the proceedings were incapable of giving power to the administrator to pass thus the interest of Bompart's estate. Under an order of sale, provided for by law, in cases allowed by law, such an interest would pass by sale and deed in pursuance thereof. Here, there is no pretence that the minor heirs' interest passed. Lucas and Hunt then get nothing by this deed of the administrator *de bonis non*.

The court properly refused the evidence offered in relation to the pecuniary circumstances of the widow of Bompart in 1846. She did not, by her deed, pretend to sell the interest of the estate of her deceased husband in the tracts of. land mentioned.

The interest of the estate of Bompart to the two tracts of land, means all the interest. This embraces the right of the administrator to sell the said interest of his intestate's estate, if necessary, to pay debts ; for the administrator has such interest, and can sell it, when necessary, under the law. It also means the interest which the heirs of Bompart, deceased, may have in and to the said tracts of land, when there is no necessity upon the administrator to retain the same to pay debts. Now, unless a quit claim deed of relinquishment of the interest of the estate of François Bompart, deceased—that is, all the interest— be made to James H. Lucas and Anne L. Hunt, and their heirs, this note cannot be legally demanded of Patterson, so as to become the foundation of an action.

Upon the whole case, then, we are of opinion that the court below laid down the law correctly by its instruction. Its judgment is therefore affirmed ; the other judges concurring.