————o————

CRAVEN B. BURRIS, Respondent, *vs.* THOMAS B. NORTH, Appellant.

1. *Malicious prosecution—Probable cause—Advice of counsel need not be to prosecute—Malice, proof of not necessary, when.*—In an action for malicious prosecution if defendant show that he was advised by counsel that plaintiff was liable to the prosecution, he need not, in order to show "probable cause," go further and show that he was advised to bring the prosecution. And when so advised of his rights, proof of malice on his part will not render him liable.

2. *Malicious prosecution—Instruction—Proof of intent to protect family of defendant, etc.*—In suit for criminal prosecution, an instruction that in order to make out a case of probable cause, defendant was bound to show that he was actuated by a desire to protect his family, was held improperly given.

3. *Malicious prosecution—Action for, what essential to.*—To sustain an action for malicious prosecution, the want of probable cause and malice are both essential.

*Appeal from Franklin County Circuit Court.*

*Davis, Thoroughman and Warren,* for Appellant, cited : Sharpe vs. Johnstone, 59 Mo. 575 ; Larch vs. Blackburn, 4 Carr. & Payne, 297 ; Ilat vs. Wilkes, 3 Bam. & Ala. 304 ; 1 Wood & Mack, 505 ; S. C., 7 Taunt. 497.

*J. Halligan, with Henry Flanagan,* for Respondent, cited : Callahan vs. Cafferata, 39 Mo. 136 ; Casperson vs. Sproule, 39 Mo. 39 ; Miller vs. Brown, 3 Mo. 127, 131 ; 17 Wend. 496 ; 21 Wend. 407 ; 30 Conn. 121 ; Freidenheit vs. Edmonson, 36 Mo. 227 ; Wells vs. Sanger, 21 Mo. 354 ; Woodson vs. Scott, 20 Mo. 272 ; Fallenstein vs. Booth, 13 Mo. 427 ; Buckley vs. Knapp, 48 Mo. 152 ; 48 Mo. 164 ; Wagn. Stat. 462, § 55 ; 506, § 46 ; 456, § 25 ; Davis vs. Commonwealth, 17 Grat. 617 : U. S. vs. Gideon, 1 Minn. 296 ; Hill vs. State, 43 Ala. 338 ; Woolf vs. Chalker, 31 Conn. 121 ; Brow vs. Carpenter, 26 Vt. 640 ; Loomis vs. Terry, 17 Wend. 496 ; Mackwell vs. Palmerston, 21 Wend. 407 ; Hill vs. Palm, 38 Mo. 13 ; Sappington vs. Watson, 50 Mo. 83 ; Wagn. Stat. 496, § 27

NORTON, Judge, delivered the opinion of the court.

This was an action for malicious prosecution instituted in the circuit court of Franklin county. The petition alleges that the defendant wilfully, maliciously, and without reasonable or probable cause, in February, 1871, caused and procured the arrest of plaintiff on two affidavits, made by defendant before a justice of the peace of said county, charging plaintiff with wilfully and maliciously killing a dog of defendant, and with wilfully disturbing the peace of the family of defendant ; that in consequence of said arrest he was imprisoned and restrained of his liberty in the county jail for the space of seven days.

The answer denied the allegations of the petition, and upon a trial plaintiff obtained a verdict and judgment, from which defendant has appealed.

The errors complained of are the admission of illegal evidence, the giving of improper and refusing of proper instructions.

All the instructions given on the part of plaintiff were objected to. We do not deem it necessary to consider them all, but shall

confine our attention to those only which we consider clearly erroneous.　The tenth and eleventh instructions given on the part of plaintiff are as follows :

10. "Before defendant can avail himself of the advice of counsel as a defense in this case for the arrest and imprisonment of plaintiff, he must show to the satisfaction of the jury that he stated all the facts that he knew, and all that he, as a prudent and cautious man, should have known, to an attorney skilled in his profession, and that he was *advised* by said attorney to *institute* the *prosecution*, and that the prosecution, arrest and imprisonment of plaintiff were made in consequence of the advice of such attorney, and not in pursuance of a previous fixed determination to make such arrest."

11. "The court instructs the jury that the first affidavit read in evidence, made by defendant before Justice Karhsman on the 13th day of February, 1871, charges no criminal offense against Burris, and that the only offense charged in the second affidavit made by the defendant on the day aforesaid, before Justice Karhsman, against Burris, the plaintiff, was for a disturbance of the peace of the family of said North, and that to authorize a conviction under that charge it was necessary for the prosecution to prove that said Burris did wilfully disturb the peace of the family of said North, or some person of the family of said North, by loud and unusual noise, loud and offensive, or indecent conversation, or by threatening, quarreling, challenging or fighting ; and unless the jury shall find that there was probable cause for charging the plaintiff with the disturbance of the peace, as above defined, and that defendant North was actuated by a desire to protect his family from such wilful disturbance, and not moved by malice to prosecute said Burris, they will find for plaintiff."

The tenth instruction is erroneous in this, that it required the defendant to show that he "was advised by the attorney, whom he consulted, to institute the prosecution."　Under this instruction, although the jury may have believed that defendant communicated to an attorney all the facts he knew, or all that he could, as a prudent and cautious man, have known, and that the attor-

ney thus consulted had advised him that the facts stated showed that plaintiff had committed a misdemeanor for which he could be prosecuted, yet, unless they believed the further fact that the attorney had advised the defendant to institute the prosecution, it would constitute no defense.

This point was expressly decided in the case of Sharp vs. Johnston (59 Mo. 558), where Judge Hough, speaking for the court, said, "that the instruction given by the court was erroneous in requiring the jury to find that the attorney, consulted by defendant, advised the prosecution."

"Counsel learned in the law are the proper advisers of men in doubtful circumstances, but honorable men cannot be expected to advise criminal prosecutions or to incite civil litigation. It is their business to advise only as to legal rights and liabilities arising from the facts stated to them by their clients, and such advice, when fairly and honestly obtained, exempts the party who acts upon it from the imputation of acting without probable cause."

The eleventh instruction also asserts an incorrect principle. Under its direction, although the jury might believe there was probable cause for defendant to charge the plaintiff with wilfully disturbing the peace of defendant's family, still they are required to find for plaintiff, unless they further believe that defendant was actuated in the prosecution by a desire to protect his family, and was not moved by malice. This, we think, was a misconception, and greatly calculated to mislead the jury. To sustain an action for malicious prosecution, the want of probable cause and malice are both essential. "They are distinct and essential ingredients of this private wrong. If there be reasonable or probable cause, no malice, however distinctly proved, will make defendant liable." (Sharp vs. Johnston, *supra*.)

The jury are also required, although they might believe there was probable cause for the prosecution, to find that defendant was actuated in the prosecution by a desire to protect his family.

The judgment will be reversed and the cause remanded. The other judges concur.