LOUIS FIRER, Respondent, v. THOMAS LOWERY, Appellant.

St. Louis Court of Appeals, October 23, 1894.

1. **Malicious Prosecution**: EFFECT OF INDICTMENT OR COMMITMENT. The finding of an indictment against a party, or his commitment by an examining magistrate, is *prima facie* evidence of probable cause for the prosecution.

2. ———: ———. This *prima facie* evidence may be rebutted or overthrown by evidence, that such indictment or commitment was obtained by false or fraudulent testimony or other improper means; or that the prosecutor, notwithstanding the indictment or commitment, did not believe the accused person guilty of the offense charged.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED.

*A. R. Taylor* and *Joseph G. Holliday* for appellant.

(1)  Where the plaintiff in a suit for malicious prosecution has been committed by the examining magistrate or indicted by the grand jury, such indictment

or commitment is *prima facie* evidence of probable cause, and the plaintiff can not recover, unless this proof is overcome by evidence either (*a*) that said indictment or commitment was procured by false or fraudulent testimony or other improper means, or (*b*) that, notwithstanding the action of the grand jury or the committing magistrate, the defendant did not, himself, believe the plaintiff guilty. *Peck v. Chouteau*, 91 Mo. 139; *Sharpe v. Johnson*, 76 Mo. 660; *Vansickle v. Brown*, 68 Mo. 627; *Staley v. Turner*, 21 Mo. App. 244. (2) The absence of belief on the part of defendant in the guilt of plaintiff must be proved by positive evidence, and can not be presumed or inferred from even the most express malice, where there was otherwise probable cause for believing plaintiff guilty. *Turner v. Ambler*, 10 Q. B. 252; *Johnson v. Emerson*, 6 Exch. L. R. 354; *Brown v. Griffin*, 1 Cheves, (S. Car.) 32. The evidence in this cause is insufficient to disprove the *prima facie* case established by the commitment and indictment.

*Bertley & Peabody* for respondent.

BOND, J.—The count in the petition on which this cause was tried alleged, in substance, that defendant, with malice and without probable cause, procured the issuance of a warrant for the arrest of plaintiff by making an affidavit to an information charging him with stealing, on the seventeenth day of August, 1892, a calf belonging to defendant, of the value of $40; that plaintiff was thereupon examined under said information, and held to give bond in the sum of eight hundred (800) dollars to answer any charge or indictment which should be found by the grand jury; that on the twenty-fifth day of October, 1892, plaintiff was indicted by a competent grand jury, upon the false

testimony given and procured by defendant, for the offense of larceny as set out in the aforesaid information; and that upon a trial had under said indictment, whereat defendant maliciously gave and furnished false evidence, plaintiff was acquitted and said prosecution was finally terminated. Wherefore damages were asked in the sum of twenty thousand (20,000) dollars. The answer of defendant was a general denial.

Upon the trial of the issues thus made, plaintiff offered in evidence the records of the court of criminal correction of the city of St. Louis, showing an information filed by the assistant prosecuting attorney of said court, based on the affidavit of defendant, charging plaintiff with stealing one calf belonging to defendant, of the value of $40, and the *capias* for plaintiff's arrest issued thereunder, together with the return of the sheriff showing the bringing of plaintiff before the judge of the St. Louis court of criminal correction, and the judgment of that court after a full examination, requiring plaintiff to enter into bond in the sum of eight hundred (800) dollars for his appearance before the St. Louis criminal court to answer said charge. Plaintiff then introduced the records of the St. Louis criminal court showing the finding of an indictment against him for the offense alleged in said information, his trial thereunder and acquittal by a verdict of the jury.

Plaintiff's testimony was, in substance, that he was hauling a load of sod on his wagon about 2:30, on August 17, 1892; that with him were a colored man named Shelton, and son, and a white man; that, when they approached McRae and Grand avenues, Shelton remarked: "Here comes a crazy calf;" that witness looked around, having to stop the horse anyway, on account of the steep grade, but did not see the calf; that at this point the weeds were about five or six feet

high; that, when he got to the corner of said avenues, between a new building and a new house, the calf ran through an empty lot and stopped about nine or ten feet in front of the wagon, which was then standing across the street from defendant's premises; "that the calf had his tongue sticking out and kind of foam running from his mouth," and that Shelton said "that calf is crazy, he is overheated;" that witness then proposed to catch the calf, and throw water over it with a hose attached to a hydrant at a mortar bed about fifteen feet distant; that he grabbed the calf, but it escaped and ran west between the two houses; that it ran out again towards Grand avenue, and that witness seized it when it was near his horse and wagon, and asked a man at the mortar bed to give him the hose to throw some water over it; that, as soon as he had hold of the calf, the hired man of defendant (Henry Russe) came running out of the yard and accused plaintiff of trying to steel the calf; that the hired man caught hold of the calf and led it towards Mr. Lowery's gate, and then threw rocks at plaintiff and called him a cow thief and other opprobrious names; that plaintiff shook the hired man, who ran away and called for a revolver, shutting the gate behind him and throwing a lump of clay at plaintiff, and also a shovel belonging to him, which had been carried off by the hired man during the fracas; that, about three weeks later, plaintiff was arrested by the police and subsequently prosecuted, as shown by the records aforesaid; that on the trial of the indictment defendant swore, among other things, that plaintiff stole the calf; and that a former employer of defendant's hired man, before this occurrence, had informed defendant that the hired man was untruthful and had been discharged for using bad language.

The foregoing was substantially the testimony of plaintiff and his witnesses. On the other hand the evi-

dence adduced by defendant tended to show that the calf was seized by plaintiff and the white man in his company, while it was in defendant's yard or premises, and was being taken forcibly out of defendant's grounds when the hired man interfered; that defendant, when he came home in the evening, was told of the transaction both by his daughter and the hired man; that he took the hired man with him when he reported the matter to the police; that he believed his calf would have been stolen, only for the action of his hired man; and that on the trial of the indictment defendant only testified as to the value and ownership of the calf; and that he was not notified, before this occurrence, that his hired man was untruthful.

The jury returned a verdict for the plaintiff for three hundred and fifty (350) dollars actual damages, and one cent exemplary damages. From the judgment thereon this appeal is taken.

To maintain an action for malicious prosecution, it must be shown that the prosecution was malicious and without probable cause, and has ended. *Sharpe v. Johnson*, 76 Mo. 660. "Probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation." *Boeger v. Langenberg*, 97 Mo. 390.

The finding of an indictment against a party, or his commitment by an examining magistrate, is *prima facie* evidence of probable cause. *Sharpe v. Johnson, supra; Vansickle v. Brown*, 68 Mo. 627; *Peck v. Chouteau*, 91 Mo. 138; *Staley v. Turner*, 21 Mo. App. 244. This *prima facie* evidence may be rebutted or overthrown by evidence, that such indictment or commitment was obtained by false or fraudulent testimony or other improper means; or that the prosecutor, notwithstanding the action of the grand jury or the

committing magistrate, did not himself believe the defendant to be guilty. *Sharpe v. Johnson, supra.* The petition alleges expressly that the commitment and subsequent indictment of plaintiff were caused by the false and fraudulent evidence given and procured by defendant; it alleges by implication that defendant did not believe in the guilt of plaintiff. The defendant's answer had the effect of joining issue on these two allegations. The first was taken away from the jury by the instruction (number 7 for defendant), to the effect that there was no evidence that defendant gave or procured to be given any false testimony in the prosecution of plaintiff. This left only the issue as to the disbelief of the defendant in the guilt of plaintiff.

In order to justify the finding of the jury on this issue, it must appear by some substantial evidence, either that defendant did not himself believe plaintiff to be guilty as charged in the indictment; or that the facts and circumstances, communicated to defendant, as to the actions of plaintiff in the capture of the calf, were insufficient to induce such belief in a person of ordinary prudence in the same situation. The first proposition could only be established by some admissions of defendant, which it is not claimed were made; on the contrary he testified that he did believe plaintiff to be guilty. The second proposition is equally without support in the record. No substantial evidence was offered which tends to show that the facts and circumstances attending the transaction in question, as they were testified to by defendant's witnesses and reported to him by his daughter and hired man, were insufficient to reasonably induce belief in plaintiff's guilt by a person of ordinary prudence in the same situation. On the contrary these facts and circumstances, when presented to the grand jury, resulted in

the indictment of plaintiff, as they had previously caused his commitment when stated to an examining magistrate, where plaintiff introduced witnesses in explanation and was represented by counsel.

Since the *prima facie* presumption of probable cause afforded by evidence of the indictment and commitment has not been negatived or rebutted by .any substantial evidence in this record, the plaintiff has not discharged the burden of proof resting upon him, and the court erred in refusing defendant's instruction, at the end of the trial, in the nature of a demurrer to the evidence. For this reason the judgment must be reversed. This case has been twice tried, and we can not assume that the learned counsel have failed to ascertain all the facts obtainable. As these are wholly insufficient to sustain the verdict, it will not be remanded. All concur.