## MARY E. WILKINSON, Appellant, v. ANDREW J. McGEE.

### Division Two, July 6, 1915.

1. **PLEADING: Stating Facts.** Whatever may have been the first view of those jurists who grudgingly gave effect to the simplified code procedure, and by construction held to the ancient lore on pleading, it is now well settled that the clause of the statute which ordains that the petition shall contain, as a matter of substance, as contradistinguished from mere form, "a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition," means what it says. The requirement is that the facts be stated, not mere conclusions of law.

2. ————: **Malicious Prosecution: Charging "Without Probable Cause."** Because hundreds of cases in this State and elsewhere have ruled it to be sufficient ordinarily in a civil action for malicious prosecution to aver that the prosecution was "without probable cause," it does not necessarily follow that in all cases and under all circumstances such an averment is sufficient; and for a stronger reason such a bare averment is not sufficient, when other facts are averred which show there was probable cause within the purview of the law.

3. ————: ————: ————: **Indictment by Grand Jury: Malice.** The finding of an indictment by a grand jury constitutes prima-facie evidence of the existence of probable cause for the prosecution of the accused; and that prima-facie case is not overcome by the simple fact that the indictment upon motion was quashed, and the accused thereby acquitted. Nor is it overcome by the fact that the defendant in the civil action for malicious prosecution was dominated by malice and ill-will, for if probable cause existed, the fact that said defendant was actuated by malice will not avail.

4. ————: ————: ————: ————: **No Cause Pleaded.** A petition in a suit for malicious prosecution which states that plaintiff was indicted by a grand jury upon evidence "maliciously, wantonly and without probable or reasonable cause" furnished by defendant, and that said indictment was quashed, does not state a cause of action. On the contrary, it states that there was prima-facie probable cause, namely, an indictment by a grand jury; and stating no fact to overcome the prima-facie case, such as that the indictment was obtained by false or fraudulent testimony furnished by defendant, a demurrer thereto should be sustained.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. R. G. Ranney*, Judge.

AFFIRMED.

*Oliver & Oliver* for appellant.

(1) To put the criminal law in force, maliciously and without any reasonable or probable cause, is wrongful, and if thereby another is injured in property or person, there is that conjunction of injury and loss which is the foundation of an action. Pope v. Pollock, 4 L. R. A. 25; Addison on Torts, p. 65; Cooley on Torts, p. 189. (2) The necessary allegations for and gist of every action for. malicious prosecution are the presence of malice and want of probable cause. Wehymeyer v. Mulvihill, 130 S. W. 681; Coleman v. Treece, 130 S. W. 56. (3) The want of probable cause is a negative averment and should be so averred. The *onus* rests upon the plaintiff, however, to support such allegations at the trial by affirmative proof. Wheeler v. Nesbit, 65 U. S. 544; Palmer v. Richardson, 70 Ill. 544; 14 Am. & Eng. Ency. Law, p. 63. (4) In pleading want of probable cause in malicious prosecution suits, it is only necessary to state that the prosecution was without reasonable or probable cause. Walser v. Thier, 56 Mo. 92; Moody v. Deutsch, 85 Mo. 242; Ross v. Hixon, 46 Kan. 550, 12 L. R. A. 760; Given v. Webb, 30 N. Y. 65; Helbert v. Donaldson, 69 Mo. App. 92; Eagleton v. Kalrich & Longley, 66 Mo. App. 231. (5) The established meaning of "probable cause" in this State is that it consists in a belief in the charge and facts alleged based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence, in the same situation. Boerger v. Laugenberg, 97 Mo. 396; Lindsay. v. Bates, 223 Mo. 306. (6) It is generally held that a conviction in a trial court is conclusive of probable cause, but in a case such as the one at bar, where an indictment was quashed and prisoner discharged such a rule does not obtain; in such cases there. is only prima-facie probable cause and the same averments

and proof are not required in the petition for malicious prosecution as in the former case. In the latter case the plaintiff is only required to allege and prove: First, the institution by defendant of the former suit and its termination in his (present plaintiff's) favor; second, malice; third, want of probable cause; fourth, damage. When he has alleged these four things, he has alleged all that he needs to prove, and there can be no denial that this petition specifically alleges all four: McKensie v. Railroad, 24 Mo. App. 392; Kennedy v. Holliday, 25 Mo. App. 503; Stocking v. Howard, 73 Mo. 25; Best v. Hoffber, 39 Mo. App. 682; Leonard v. Transit Co., 115 Mo. App. 349; Ross v. Hixon, 26 Am. St. 123; Graves v. Scott, 2 L. R. A. (N. S.) 934; Hays v. Blizzard, 30 Ind. 457; Lytton v. Baird, 95 Ind. 349; Castro v. DeUriarte, 12 Fed. 250; Jones v. Gwynn, 10 Mod. 214; Chambers v. Robinson, 1 Strange, 691; Dennis v. Ryan, 65 N. Y. 385; Randol v. Henry, 5 Sten. and P. (Ala.) 367; Schatton v. Hollenback, 149 Ill. 652; Shaell v. Brown, 28 Iowa, 37; Parli v. Reed, 30 Kan. 534; Morris v. Scott, 21 Wend. 281; Stone v. Stevens, 12 Conn. 219; Stancliff v. Palmeter, 18 Ind. 324; Cline v. Schuler, 30 N. C. 484; Vinal v. Cobe, 18 W. Va. 1; Merriman v. Morgan, 7 Ore. 68; 14 Am. & Eng. Ency. Law (1 Ed.), p. 29; Bishop on Non-Contract Laws, secs. 248-9; Cooley on Torts (2 Ed.), p. 215. (7) A petition which contains matter showing a prima-facie case of the existence of probable cause, need not specifically state that the prosecution was obtained by fraud, perjury, falsehood or other unfair means. Stainer v. Mining Co., 166 Fed. 220; Ziegler v. Powell, 54 Ind. 173; Cramer v. Barmon, 136 Mo. App. 673; Ross v. Hixon, 12 L. R. A. (Mo.) 760. (8) The tendency of the courts to-day is against the sustaining of such demurrer as this defendant's. Gonsuland v. Rosomano, 176 Fed. 481.

*T. D. Hines* for respondent.

FARIS, P. J.—Action for malicious prosecution, brought in the Cape Girardeau Court of Common pleas, wherein a demurrer to the petition was sustained, and plaintiff refusing to further plead, final judgment and this appeal followed.

The case went first to the St. Louis Court of Appeals, but upon the establishment of the Springfield Court of Appeals it was transferred to the latter court, wherein an opinion was written. [153 Mo. App. 343.] Later, the jurisdiction of the Springfield Court of Appeals in such cases being successfully questioned, the case was re-transferred to the St. Louis Court of Appeals, wherein by an opinion by CAULFIELD, J., in which NORTONI, J., concurred, the opinion of the Springfield Court of Appeals was adopted as the opinion of the St. Louis Court of Appeals. [163 Mo. App. 356.] To this action and to the said opinion REYNOLDS, P. J., dissented in an opinion filed, and deeming the ruling in the carrying opinion contrary to our decisions, asked that the case be certified up to us, which was accordingly done; hence, our jurisdiction.

As foreshadowed, the question is upon the goodness on demurrer of the petition, the pertinent parts of which, caption and signature omitted, read thus:

"Comes now the plaintiff and first having obtained leave of court so to do files this, her amended petition, and for cause of action plaintiff states that on or about the 10th day of January, 1909, at Jackson, in the county of Cape Girardeau, and State of Missouri, the defendant maliciously intending to injure the plaintiff in her good name and reputation and without reasonable or probable cause therefor appeared before the grand jury of Cape Girardeau county, Missouri, summoned for the January term, 1909, of the Cape Girardeau County Circuit Court and did then and there make complaint of and charge this plaintiff with having committed a misdemeanor in this, that he charged her with

265Mo.37

having unlawfully, wantonly and without right, broken, cut down, injured and carried away a portion of his, the said Andrew J. McGee's, fence.

"Plaintiff further states that this defendant, Andrew J. McGee, was instrumental in instigating, instituting, presenting, pressing and continuing this charge against her before the said grand jury, and that he maliciously, wantonly and without probable or reasonable cause therefor produced and furnished the names of witnesses that came before the grand jury and that it was upon the testimony so furnished and produced by him, the said Andrew J. McGee, that the grand jury found and returned to the circuit court of Cape Girardeau county, Missouri, a true bill of indictment against this plaintiff; and that upon said true bill of indictment so found and returned, a warrant or *capias* for the arrest of this plaintiff was issued by the clerk of said court.

"That thereafter on the 16th day of March, 1909, this plaintiff was arrested upon said warrant or *capias* by the sheriff of Cape Girardeau county, Missouri, and was taken in his, the said sheriff's custody and charge, under arrest, and was compelled to so remain under arrest until she procured and gave bail in the sum of two hundred dollars in order to secure her release.

"That afterwards on the 3rd day of May, 1909, it being the first day of the May term of the Cape Girardeau County Circuit Court, and in compliance with said warrant of arrest, this plaintiff appeared in the circuit court of Cape Girardeau county for trial and answer to make to said criminal charge, and on said day filed a motion to quash said indictment; that she remained in attendance upon said court from day to day until the 8th day of May, 1909.

"Plaintiff further states that on said 8th day of May, 1909, said indictment so found against this plaintiff for said crime so charged against her, was quashed by the circuit court of Cape Girardeau county, Missouri, and this plaintiff was fully acquitted and dis-

charged by said court and that said prosecution was thereby wholly and entirely terminated.

"Plaintiff further states that she is now and was at all the times hereinbefore stated, a single and unmarried woman and a resident of Cape Girardeau county, Missouri; and that the defendant is now and was at all the times hereinbefore stated a resident of Cape Girardeau county, Missouri.

"Plaintiff further states that she has been compelled to retain counsel at much expense to defend said malicious prosecution and that she has lost much valuable time and has been greatly inconvenienced and put to much expense in attending upon the circuit court of Cape Girardeau county, Missouri, and in the preparation for the trial of said cause; that said malicious prosecution has caused her much mental pain and suffering; that she is an unmarried woman and has always enjoyed the reputation of being a peaceable and lawabiding person, having a wide acquaintanceship in the community in which she lives; that by reason of said wanton and malicious prosecution so instituted by defendant without probable or reasonable cause therefor, she has been brought into contempt and ridicule and greatly injured in her good name, fame and reputation, to her damage in the sum of two thousand dollars.

"Plaintiff further states that the action and proceedings of this defendant against her were so grossly vindictive, wanton and maliciously instituted for the purpose of injuring this plaintiff in her good name and reputation that defendant has subjected himself to punitive damages.

"Wherefore plaintiff prays judgment against this defendant for the sum of two thousand dollars for compensatory damages, and the sum of two thousand dollars for punitive damages, together with her costs in this behalf expended."

To this defendant interposed both a general and a specific demurrer, which, leaving out caption and formal parts, reads thus:

"Now comes the defendant in the above entitled cause and demurs to the plaintiff's amended petition herein and for reasons for this demurrer says:

"1. That said amended petition does not state facts sufficient to constitute a cause of action against defendant.

"2. That said amended petition shows on its face that plaintiff was regularly indicted by a grand jury, which raises the legal presumption that the indictment was found with and on account of probable cause; and that there are no allegations in the amended petition sufficient to overcome the legal presumption of the existence of probable cause afforded by the indictment by a grand jury.

"3. The legal presumption of probable cause afforded by pleading that plaintiff was indicted, is not overcome by any charge in the amended petition that said indictment was procured through false or fraudulent testimony procured by defendant; or that defendant believed plaintiff innocent of the charge, and that the amended petition shows on its face that the prosecution was with probable cause."

## OPINION.

There is but one question in the case: Is the petition good on demurrer? This question in the last analysis of the concrete facts and respective contentions of the parties may be further simplified and narrowed by saying that the question is: Whether in a case wherein it is averred that plaintiff was indicted by a grand jury, and that such indictment was quashed, it is sufficient without more to aver that the prosecution of plaintiff was "without probable cause?" In short, must the pleader negative by apt allegations

Pleading:
Malicious
Prosecution.

in his petition the prima-facie probable cause connoted by the fact of the indictment by a grand jury, absent a trial and acquittal upon the indictment, and present a mere quashal of the indictment?

Obviously, the point is somewhat novel and the case is to an extent *sui generis.* Obviously, also, for these reasons the ancient forms and the well-thumbed precedents are of little value, and we are forced back to a consideration of a few first principles of pleading under the code. Time was mayhap when a pleading could be measured upon the bed of Procrustes, but upon a later time the statute came in and ordained that the petition shall contain as a matter of substance as contradistinguished from mere form, "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." [Sec. 1794, R. S. 1909.] Whatever may have been the first view of those jurists who coming to apply the code to pleadings yet held by construction to the ancient lore, and grudgingly and but halfheartedly gave effect to the simplified procedure of the statute, it is now well settled that the excerpt quoted means what it says. [Shohoney v. Railroad, 223 Mo. 649; Sidway v. Missouri L. & L. S. Co., 163 Mo. 342.] In the Shohoney case, supra, at page 671, it was said:

"It is the duty of a plaintiff to state his case with such clearness and definiteness that his adversary may know exactly what the complaint against him is. Our statute says the petition must contain 'a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition.' [Sec. 592, R. S. 1899; 1 Ann. Stat. 1906, p. 612.] That duty devolves on the plaintiff and it is one that appeals to our sense of justice and fair play. There are no words in the Code of Civil Procedure more significant of the spirit which actuated its authors than the words just quoted. The requirement is that the facts be stated, not mere conclusions of law."

We say so much, largely to point the moral with which we began, that because hundreds of cases in this State and elsewhere have ruled it to be sufficient ordinarily to aver that the prosecution was "without probable cause," does not necessarily prove that in all cases and under all facts and circumstances, this averment is sufficient; *a fortiori*, when other facts are averred in the petition which show that *there was probable cause within* the purview of the law. Since the petition must state facts and not conclusions of law (Bliss on Code Pleading, 210), and since if a fact be shown which as a conclusion of law negatives liability, obviously then other facts should be stated to make clear wherein liability accrues.

There are cases holding, correctly we think, that the quashing of an indictment is an end of the criminal prosecution within the purview of the rule which requires that the criminal prosecution shall be at an end before a civil action for malicious prosecution will lie. [Hays v. Blizzard, 30 Ind. 457; Lytton v. Baird, 95 Ind., 349; McKensie v. Missouri Pacific Ry. Co., 24 Mo. App. 392.] But that is not the question here, in our opinion. For the courts all agree that the gist of an action for malicious prosecution is the existence, *vel non,* of *malice and probable cause.* If there was probable cause to believe the plaintiff in the civil action to have been guilty in the criminal prosecution on which the civil action is bottomed, the fact of his innocence is of no legal moment. [Sharpe v. Johnston, 59 Mo. 557; Burris v. North, 64 Mo. 426; Lytton v. Baird, 95 Ind. 349; Brennan v. Tracy, 2 Mo. App. 540.] This rule was stated in Lytton v. Baird, supra, l. c. 352, and is generally stated thus:

"The question of the presence or absence of probable cause does not depend upon the guilt or innocence of the accused, or upon the fact whether or not a crime has been committed. [Hays v. Blizzard, 30 Ind. 457; Carl v. Ayers, 53 N. Y. 14; Baldwin v. Weed, 17 Wend.

224; Bacon v. Towne, 4 Cush. 217; Thompson v. Lumley, 50 How. Pr. 105; Moore v. Sauborin, 42 Mo. 490; Gallaway v. Burr, 32 Mich. 332.] Want of probable cause and malice are the issue in the case and it makes no difference as to the innocence of the accused. [Skidmore v. Bricker, 77 Ill. 164.]''

Since, however, malice even in the absence of proof of express malice, will be presumed from the lack of probable cause, and since if there exist probable cause it is a defense, though express or actual malice in common acceptation be present, no very strong reason ordinarily exists or is to be found in logic or in the adjudged cases for requiring proof of express malice. This seems to be so for the reason that malice in its legal aspects does not mean the mere spite, dislike or ill-will of one person toward another; such dislike or ill-will must take the form of, or be shown by, an overt act. And such act may take, and in malicious prosecutions ordinarily (if not always) does take the outward form of beginning and maintaining a prosecution without probable cause for so doing. On this point our Kansas City Court of Appeals, in the very late case of Smith v. Glynn, 144 S. W. l. c. 151, said:

''Earnest discussion has been made of the question of malice as it is said to affect this case. We have stated that whatever malice may have actuated defendant, if he had probable cause for the prosecution, he is not liable, and such is the law. It takes both a lack of probable cause and malice to make out a case. If either be not shown, the case fails. So it is said that, however vile the malice, if there be probable cause, no action can be maintained. [Sharpe v. Johnston, 59 Mo. 557; Warren v. Flood, 72 Mo. App. 199.]''

Furthermore, we may safely premise that the rule in this State (Sharpe v. Johnston, 76 Mo. 660; Vansickle v. Brown, 68 Mo. l. c. 636; Brant v. Higgins, 10 Mo. 728; Firer v. Lowery, 59 Mo. App. 92) as well as that in practically every other jurisdiction in the Union,

is that the finding of an indictment against the accused constitutes prima-facie evidence of the existence of probable cause for his prosecution. [Garrard v. Willet, 27 Ky. 4; Casey v. Dorr, 94 Ark. 433; Lindsey v. Couch, 22 Okla. 4; Barber v. Scott, 92 Iowa, 52; Brown v. Griffin, Cheves (S. C.), 32; Ricord v. Railroad, 15 Nev. 167; 26 Cyc. 40.] In the case of Firer v. Lowery, supra, at page 98, our Brother BOND, then a judge of the St. Louis Court of Appeals, writing the opinion of the court in that case, said:

"Since the prima-facie presumption of probable cause afforded by evidence of the indictment and commitment has not been negatived or rebutted by any substantial evidence in this record, the plaintiff has not discharged the burden of proof resting upon him, and the court erred in refusing defendant's instruction, at the end of the trial, in the nature of a demurrer to the evidence. For this reason the judgment must be reversed. This case has been twice tried, and we cannot assume that the learned counsel have failed to ascertain all the facts obtainable. As these are wholly insufficient to sustain the verdict, it will not be remanded."

The fact that the indictment was quashed has no bearing upon the case further than that it proves for the purposes of the action for malicious prosecution that the criminal prosecution of accused was at an end. [McKensie v. Railroad, 24 Mo. App. 392; Lytton v. Baird, supra.] It does not prove either probable cause or the lack thereof. [26 Cyc. 42; Nolen v. Kaufman, 70 Mo. App. 651.]

How then, in the light of principles which are well settled, stands the case when these principles are applied to the facts here? Plaintiff pleads that she was indicted by a grand jury. This indictment created a prima-facie presumption that probable cause existed for her prosecution. [Firer v. Lowery, supra, and cases cited.] The want of probable cause and malice

(to be presumed from want of probable cause) form the very gist of this action. If probable cause to prosecute her existed, then the fact that plaintiff was dominated by spite or ill-will against her, cuts no legal figure in the case (Smith v. Glynn, supra); so her express allegation of malice is swallowed up in our view by the question of the presence *vel non* of probable cause. Plaintiff expressly says in so many words that defendant "maliciously, wantonly and without probable or reasonable cause"—furnished to the grand jury the names of witnesses upon whose testimony plaintiff was indicted by such grand jury. But plaintiff is not content with the allegation of lack of probable cause; she goes further and expressly avers a fact which is of itself prima-facie proof that there was probable cause. Does not one allegation in a way cancel the other? If the code, as it does, requires us to state "the facts constituting a cause of action" (Sec. 1794, R. S. 1909), is a cause of action stated by a petition which, if every allegation contained in it were admitted, would not allow a recovery? If plaintiff had gone to the jury and had shown upon her part the fact that she had been indicted by a grand jury, but had not shown any fact explanatory of the manner in which such indictment was procured, she could not recover (Firer v. Lowery, supra), and it would have been the duty of the court *nisi* to sustain a demurrer to the evidence. Will it be contended that to permit recovery the proof must show facts which the petition does not allege? If plaintiff had admitted the facts (as the demurrer in legal effect does) and all of them set forth in the petition, under the doctrine announced in Firer v. Lowery, supra, as also in principle in other cases cited, the judgment should have been for defendant. This view was taken by a case precisely in point in Rhode Island (Giusti v. Del Papa, 19 R. I. 338) and by the Vermont courts. We have found no others directly in point, except mayhap the case of Stainer v. Land & Mining Co., 166 Fed.

220, wherein, however, PHILLIPS, J., filed an able and convincing dissent, to which we are constrained to lend our concurrence.

In the very recent case of Thienes v. Francis, 69 Ore. 165, it was said: "The finding of an indictment by a grand jury, when shown as prima-facie evidence of probable cause, may be overcome by proving that the indictment was procured by perjured evidence. [26 Cyc. 40; Firer v. Lowery, 59 Mo. App. 92; Flackler v. Novak, 94 Iowa, 634; Putnam v. Stalker, 50 Ore. 210.]" Which holding emphasizes the thought that if the indictment of the accused by a grand jury be so far prima-facie proof of the existence of that probable cause which, absent proof of perjury and *scienter* thereof, will be an absolute defense (and of this there is not left even a respectable doubt by the authorities), why put the court to the labor of hearing a case wherein recovery is foreclosed? If facts exist which destroy the prima-facie defense connoted by the fact of indictment, what logical reason exists for not taking the court *nisi* into the confidence of the pleader, so that in advance of time and labor spent, possibly in doing a vain and futile thing, the court may judge whether there exists a real cause of action?

"The finding of an indictment," says 26 Cyc. 40, "by the grand jury against an accused person charged with crime, is prima-facie evidence of probable cause in an action for malicious prosecution, but it is not conclusive, and may be rebutted by proof that the indictment was obtained by false or fraudulent testimony, or other improper means." Indeed, why should this not be so when nine men (at least), standing indifferent between the accused and the prosecutor, upon their oaths and in the line of their solemn duty, say *there is probable cause?* Something in such case beyond the mere averment of a cancelled conclusion of law should be set forth, lest the courts be clogged with the doing of vain things, and the law-abiding man of substance

held back from the plain duties of good citizenship through fear of being mulcted in unjust damages, and thereby the peace and order of the community be endangered.

Newell on Malicious Prosecutions, section 13, says: "Actions for malicious prosecution are regarded by law with jealousy. Lord Holt said more than 200 years ago that they 'ought not to be favored, but managed with great caution.' Their tendency is to discourage prosecution for crime, as they expose the prosecutors to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecutions, when, if they fail, they may be subjected to the expense of litigation, if they be not mulcted in damages."

Therefore, though confessedly the point is close and troublesome and the analogous cases irreconcilable, these considerations of principles and public policy constrain us to take the view that the learned court *nisi* was correct in sustaining the demurrer to the petition and that his judgment ought to be affirmed. Let this be done. All concur.