### In re WEISBERG.

(District Court, E. D. Michigan, S. D. October, 1918.)

#### No. 2105.

1. BANKRUPTCY ⊜⇒418(1)—EFFECT OF DISCHARGE.

A discharge in bankruptcy does not automatically relieve the bankrupt from a debt, even if scheduled and provable, but may be pleaded by him in defense to an action thereon; its effect in the particular case to be determined by the court in which the action is brought.

2. BANKRUPTCY ⊜⇒391(1)—POWERS OF COURT—STAY OF ACTIONS AGAINST BANKRUPT.

The power of the bankruptcy court to protect a bankrupt against claims in another court is limited to the period before the question of his discharge has been decided.

3. BANKRUPTCY ⊜⇒391(1)—CONTEMPT OF BANKRUPTCY COURT—LEGAL PROCEEDINGS AGAINST BANKRUPT.

A creditor of a bankrupt, though having a dischargeable claim, does not become guilty of contempt of the bankruptcy court merely by taking proceedings in another court to enforce his claim, where no order forbidding such action has been made, and especially when the creditor had no knowledge of the bankruptcy proceedings.

In Bankruptcy, in the matter of Julius Weisberg, bankrupt. On petition of bankrupt to punish a creditor for contempt. Petition denied.

Benjamin & Betzoldt, of Detroit, Mich., for petitioner.
C. Lucian Bancroft, of Detroit, Mich., for respondent.

TUTTLE, District Judge. This is a petition by the bankrupt, asking that the respondent, one of his creditors, be punished for contempt of court in ignoring a discharge in bankruptcy granted to the bankrupt by this court, and garnishing certain money belonging to petitioner and on deposit in a bank, and praying that respondent be ordered to return such money to petitioner.

The petitioner was duly adjudicated a voluntary bankrupt herein, in August, 1916. Among the debts owing by the bankrupt was an indebtedness to one Frank Majuchowsky, the respondent, on a judgment

rendered by one of the justices of the peace for the city of Detroit against the bankrupt as indorser on a worthless check, amounting to $41.75. This debt, with the name and address of the creditor, was duly scheduled. It appears that the proper notices of the bankruptcy proceedings were mailed to respondent; but there is no proof or sworn statement that they or any of them were received by him, and he swears in his affidavit that he never received any of such notices, or knew of such bankruptcy proceedings. Respondent duly obtained his discharge from this court in November, 1916.

In June, 1917, respondent caused to be filed in the justice's court in which he had obtained the judgment mentioned an affidavit of garnishment under the state practice, showing the recovery by him of said judgment, and stating that he had not received payment thereof, and that the garnishee defendant, the Wayne County & Home Savings Bank, had in its hands, money belonging to the petitioner herein, and was indebted to said petitioner, in an amount equal to the sum due to respondent on such judgment. Thereupon, in accordance with the practice in the state court, the garnishee defendant paid to the said justice's court this amount, which was thereafter paid over by the court to respondent. No notice of these bankruptcy proceedings was given to said bank or justice of the peace prior to the receipt and payment of such money, nor was any such notice filed in the justice's court. It does not appear, nor is it claimed, that petitioner received notice of the garnishment proceedings, or had any knowledge thereof, until after this money had been paid to the respondent. It was not necessary, under the state practice, that he should have received such notice; garnishment proceedings of this kind, based on judgment, being ex parte. It appears to be conceded that the claim of respondent against petitioner, represented by said judgment and scheduled as already indicated, was a provable debt, subject to discharge by the bankruptcy proceedings.

The question presented is whether the action of the respondent in collecting his judgment against the petitioner by these garnishment proceedings constituted, under all the circumstances, a contempt of this court, in view of the fact that the petitioner had previously obtained his discharge in bankruptcy herein. No case has been cited, and I have discovered none, involving precisely the same question. After careful consideration, however, of the situation and of the rights and duties of the parties in the premises, I am of the opinion that petitioner has not sustained the burden of showing that respondent has been guilty of the contempt of court alleged.

[1] In the first place, the discharge in bankruptcy granted to petitioner did not automatically relieve him from even the provable debts previously owed by him and duly scheduled. It is true that such discharge afforded him a complete defense to an action brought to recover any such debt, but in order to avail himself thereof it would be necessary for him to plead the discharge in such action, and failure to do so would render him amenable to whatever judgment the court might render against him in that action. Dimock v. Revere Copper Co., 117 U. S. 559, 6 Sup. Ct. 855, 29 L. Ed. 994; Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985.

Nor has the bankruptcy court, in which such discharge has been granted, jurisdiction to determine the effect thereof in a state court in which an action against the former bankrupt is pending, or to interfere with the proceedings in that court. Questions as to the effect therein of such discharge must be left to the decision of the court in which the action is pending. In re Rosenthal (D. C.) 108 Fed. 368; Hellman v. Goldstone, 161 Fed. 913, 88 C. C. A. 604; In re Lockwood (D. C.) 240 Fed. 161.

[2] The power of the bankruptcy court to protect a bankrupt against claims in another court is limited to the period before the question of his discharge has been decided. Section 11a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 549 [Comp. St. 1916, § 9595]) provides as follows:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

If the bankrupt desires to obtain the benefit of his discharge in an action brought against him for the recovery of a debt affected by such discharge, he may, by properly pleading and proving the discharge, in the court where the action against him is pending, secure a permanent stay of proceedings in such action, even after judgment therein. Boynton v. Ball, supra.

[3] Considering, therefore, the nature and effect of a discharge in bankruptcy, and bearing in mind that such discharge does not release the bankrupt from any of his debts, unless it be expressly pleaded as a defense in an action for the recovery of such a debt, I am of the opinion that a creditor of the bankrupt, though having a dischargeable claim against the latter, does not become guilty of contempt of the bankruptcy court merely by taking proceedings in another court to enforce such claim, even with knowledge that the bankrupt has obtained his discharge. The bankruptcy court not having forbidden such creditor to institute and carry out such proceedings, it cannot be said that a creditor who takes such action has committed a contempt.

Furthermore, even if it be assumed that such action on the part of a creditor of a discharged bankrupt might, if taken with full knowledge of all of the bankruptcy proceedings, constitute such contempt of court, yet, in the present case, there is no evidence, beyond the mailing of the proper notices, to show that the respondent knew of the granting of this discharge, or of any other of the proceedings herein, or understood the nature thereof.

Certainly he would not be guilty of contempt of this court in disregarding its orders or proceedings of which he was without knowledge. Garrigan v. United States, 163 Fed. 16, 89 C. C. A. 494, 23 L. R. A. (N. S.) 1295 (C. C. A. 7). Before the respondent in such a case can properly be punished for contempt of court, the evidence relied on to prove him guilty thereof should be positive, clear, and convincing. General Electric Co. v. McLaren (C. C.) 140 Fed. 876; Hanley v.

Pacific Live Stock Co., 234 Fed. 522, 148 C. C. A. 288. The showing by petitioner in the present case is not of that character.

The petition must be denied.