STATE OF MISSOURI, AT THE RELATION OF BANK OF SKIDMORE, A CORPORATION, RELATOR, v. J. W. ROBERTS, SPECIAL JUDGE, ETC., RESPONDENT.—116 S. W. (2d) 166.

Kansas City Court of Appeals.   April 4, 1938.

*D. D. Reeves* and *A. F. Harvey* for relator.

*Horace Merrett, Meyer & Imbersteg, Livergood & Weightman* and *Wright & Ford* for respondent.

SHAIN, P. J.—This case is before us on an alternative writ of mandamus issued by this court and directed to J. W. Roberts, Special Judge of the Circuit Court of Nodaway County, Missouri. The facts giving origin to the writ of mandamus are as follows: On January 26, 1932, judgment was rendered on a promissory note by the Circuit Court of Nodaway County, Missouri, in favor of the Bank of Skidmore and against Marion F. Ripley and John A. Ripley.

John A. Ripley died on February 21, 1932, and letters of administration were granted to his widow, Alice Ripley and thereafter

demand on the judgment debt was certified to the Probate Court of Nodaway County, Missouri, and notice thereof given to the administratrix of the estate of said Ripley and was allowed and classified as a claim in the fourth class.

On October 7, 1932, a motion was filed in the Circuit Court of Nodaway County, Missouri, asking the circuit court to set aside the judgment on aforesaid note as to John A. Ripley. It is shown that the Bank of Skidmore duly filed a demurrer to the aforesaid motion and same was duly taken up and sustained. Thereafter the administratrix of the estate of the said John A. Ripley filed a pleading in the nature of a writ of error *coram nobis* in the Circuit Court of Nodaway County. The relief asked for in the above pleading was that the judgment aforesaid, under date of January 26, 1932, be set aside and a retrial of said cause be had. The petition in the nature of a writ of error *coram nobis* stated facts that, if true, entitled the relief sought, see ante this opinion. It appears that no demurrer or answer was filed as to aforesaid pleading before same was taken up and disposed of by this court.

It is shown that the aforesaid cause in the nature of a writ of error *coram nobis* was taken up and considered by the Circuit Court of Nodaway County, Missouri, on the 4th day of November, 1933, and was overruled, or, in other words, the writ was denied.

From the aforesaid judgment of the circuit court, the administratrix of the estate of John A. Ripley took the proper steps and duly appealed, and said appeal was heard and decided by this court at its April call of the March term, 1935, of this court. [See Bank of Skidmore v. Ripley, 84 S. W. (2d) 185.] In the opinion aforesaid this court said as follows:

"Passing a number of grounds alleged in the amended motion, we can justify the rightful issuance of the writ upon at least one, which ground was, in form and effect, contained in both the original and amended motion, namely, the fact that said defendant John A. Ripley, at the time of the service of summons upon him, was under total disability by reason of illness in both mind and body, so much so that he was insane, unable to give the matter attention, and incapable of protecting his own affairs or business, being prostrate in bed in his last illness, totally helpless, and unable to attend court or to look after any business or to employ attorneys, or to communicate with any person to attend to his defense and pleading in said cause, all being facts not appearing of record and not before the court at the time or before said default judgment was rendered, and the service and judgment not being known to the said administratrix; she not being appointed at the time."

The following language also appears, to-wit:

"It would seem to be clear that under a situation indicated

above, a motion in the nature of a writ of error *coram nobis* would be properly allowable and would justify the correction of the judgment, which could only be bone by setting aside the default judgment against John A. Ripley as prayed in the motion.''

The concluding paragraphs of said opinion are as follows:

''The fact that the granting of the motion in the nature of a writ of error *coram nobis* may result in setting aside the default judgment against John A. Ripley alone, and, if the evidence warrants, in destroying entirely the judgment as to him or his estate, can afford no ground for denying his estate all benefit of the writ sought. The judgment against Marion F. Ripley is not attacked, but remains intact. Indeed, if the claim made by the motion is true, Marion F. Ripley is the only one against whom the judgment should stand.

''The judgment of the trial court in refusing any relief under the writ of error *coram nobis* is reversed and, for the reason that no evidence has yet been heard showing, that the administratrix has a good defense, the cause is remanded for trial.''

After the mandate of this court was duly certified to the trial court, the Bank of Skidmore, plaintiff in the suit on the note, on the first day of the October term, 1935, of said court filed an answer to the pleadings in the nature of a writ of error *coram nobis* that was reviewed by us in Bank of Skidmore v. Ripley, *supra*.

The administratrix of the estate of John A. Ripley filed a motion to strike out the aforesaid answer. The aforesaid motion to strike out was overruled March 14, 1936.

On March 30, 1936, *mandamus* proceedings were filed in this court wherein it was sought to compel the Circuit Court of Nodaway County to strike out aforesaid answer filed on the first day of the October term, 1935, of said court. This court, on April 2, 1936, denied the writ on grounds that are immaterial to the issues now before us.

Thereafter change of venue was taken to Holt County, Missouri, and thereafter cause was remanded to the Circuit Court of Nodaway County, Missouri. Thereafter Alice Ripley, the administratrix aforesaid, was removed and E. Bartram was duly appointed as administrator and was duly substituted in her stead on the 5th day of October, 1936.

On October 5, 1936, the regular judge of the Circuit Court of Nodaway County, Missouri, disqualified and, by agreement of parties, J. W. Roberts was appointed special judge and duly qualified as such.

On January 5, 1937, a plea to the jurisdiction of the court was filed which, in part, is as follows:

''Comes now Emmett Bartram, Administrator of the Estate of

John A. Ripley, deceased, and appearing for the purpose of this motion only, denies that the Court has or can have any jurisdiction of the proceeding on writ of error *coram nobis* heretofore filed in this cause and moves the Court to dismiss the purported answer filed by plaintiff to the amended writ heretofore filed by defendant and for reasons therefor states:"

Said plea was taken up and overruled. Thereafter other matters were taken up which appear in the record as follows:

"That thereafter, on said day, 'Defendants now move the court to proceed to try this cause on plaintiff's original petition on promissory note as to estate of John A. Ripley, which motion is by the court overruled.'

"That thereafter, the court proceeds to hear the issues on the motion to set aside judgment and answer filed thereto. Defendants request a jury to try the issues of fact; Sheriff is ordered to call regular panel, and this cause is by agreement set for trial January 8, 1937.

"Said cause was regularly continued on the docket of said court, the Honorable J. W. Roberts presiding as Judge of this cause, until the 22nd day of April, 1937, when defendants filed motion for order directing that original cause of action be proceeded with; also on motion of defendant, which motion has not been filed in writing and therefore cannot be set out, the court made and caused to be entered of record in said proceeding the following order:

" 'Defendants file motion for order directing that original cause of action be proceeded with. (1) On motion of defendant, the judgment of this court heretofore rendered on January 26, 1932, against John A. Ripley is hereby set aside and for naught held as per mandate of the Kansas City Court of Appeals heretofore filed with the Clerk of this court in vacation and spread of record. Plaintiff Bank of Skidmore objects and excepts to the order of the court. (2) The court now takes up and considers the defendants' motion to proceed with original cause of said action. Whereupon defendants withdraw said motion. Bank of Skidmore files motion for rehearing and to reconsider the order of the court made in setting aside the original judgment of January 26, 1932, which motion is by the court, by agreement, taken up and considered and is by the court overruled. Bank of Skidmore excepts.' "

Thereafter the Bank of Skidmore, plaintiff in the suit upon the note, filed a motion for rehearing and to set aside the action of the court as shown above. Thereafter, on May 20, 1937, the Bank of Skidmore made application for writ of mandamus, now up for consideration, and a preliminary writ was duly allowed by this court at the March term, 1937, of this court.

Return was duly made to the alternative writ by respondent J.

W. Roberts, special judge as aforesaid. In said return the said respondent in justification of his action makes claim that he acted under the mandate of this court as expressed in Bank of Skidmore, Respondent, v. Marion Ripley et al., Appellants, 84 S. W. (2d) 185. The concluding sentence of respondents return being as follows, to-wit:

"That all the acts and proceedings of Respondent as such Special Judge since the filing of said mandate in the Office of the Clerk of the Circuit Court of Nodaway County have been taken in obedience to and in accordance with the directions of said mandate, which Respondent recognizes as the law of the case and by which this Respondent, as Special Judge, must be and is governed. If this Respondent has committed any error, it is the result of a misunderstanding of the directions contained in said mandate, but this Respondent verily believes the mandate of this court fully warrants the course pursued.

To respondent's return relator files motion for judgment on the alleged ground that said return does not set forth any defense, in fact or in law, to the alternative writ.

On the issues thus made up, the cause is now before us for determination.

We have gone into facts, preceding the immediate controversy, somewhat minutely to the end of a determination of, and an understanding of, a statement of the issue that is presented to us in the present proceedings. The sole question for determination in this proceeding is as to whether or not the action of respondent in setting aside the judgment in the note case, rendered in the Circuit Court of Nodaway County, Missouri, on January 26, 1932, is justifiable under the mandate of the opinion of this court in Bank of Skidmore v. Ripley, *supra*.

The relator herein contends that the mandate aforesaid but returned the cause of action in the nature of a writ of error *coram nobis* to the trial court for rehearing.

The respondent contends that the aforesaid mandate reversed outright the judgment of the trial court in the action in the nature of a writ of error *coram nobis* and returned the cause to the trial court with directions to proceed with the trial and hear the evidence in the original note case wherein a default judgment was rendered in January, 1932.

To a solution of the problem presented, it must be understood that an action in the nature of a writ of error *coram nobis* is an independent suit wherein one must state a cause of action. This court in its mandate, *supra*, held that the petition, in the aforesaid action in the nature of a writ of error *coram nobis*, stated a cause of action. The relator herein, as disclosed by the record, did not interpose

either a demurrer or an answer to the aforesaid pleading prior to the rendering of judgment in relator's favor. Unless appealed from, said judgment finally concluded John A. Ripley or his legal representative from any right in the matter, and the said judgment as it stood, if not appealed, would inure to the sole benefit of relator and relator would be possessed of all of the rights of a judgment creditor with an unsatisfied judgment.

It is the law in this State that all traversable matters not traversed by pleadings are taken as true. [State ex rel. Burton v. Montgomery, 316 Mo. 658; 291 S. W. 472.] A fact alleged in complaint and not denied by answer stands admitted and need not be proved. [Bruner Granitoid Co. v. Glencoe Lime and Cement Co., 169 Mo. App. 295, 152 S. W. 601.]

The appeal that was taken by the administratrix of the Ripley estate was an appeal from the judgment in the action in the nature of a writ of error *coram nobis,* and any reversal of said judgment by the appellate court had reference to, and only to, the judgment from which appealed.

By the mandate of this court in Bank of Skidmore v. Ripley, *supra,* the judgment of the trial court in the action in the nature of a writ of error *coram nobis* was reversed outright. When a judgment is reversed outright the cause in that action is not remanded for a new trial. The only relief asked for by the petition in the case appealed from, Bank of Skidmore v. Ripley, *supra,* was that the judgment rendered in the note case in January, 1932, be set aside and a rehearing granted. The judgment of the trial court denied such relief. A reversal of that judgment can only be construed as granting the relief asked for. This court, in its opinion reversing aforesaid judgment, plainly states that the relief asked for could only be given by the setting aside of the judgment of January, 1932. As the case, Bank of Skidmore v. Ripley, *supra,* bore direct reference to the action in which default judgment of January, 1932, was had, it followed that our mandate, in effect, restored the note case to the docket of the trial court for rehearing. The pleading of the administratrix in the action in the nature of a writ of error *coram nobis,* as aforesaid, was held by this court to state facts that, if true, were a defense to the action on the note and, as there had been a default judgment wherein no evidence had been heard, remanded the case to the Circuit Court of Nodaway County, Missouri, to the end that the issues in the note case on a retrial could be determined in accordance with the evidence, if any, offered upon a retrial of said cause in that case. In the court's opinion, Bank of Skidmore v. Ripley, *supra,* we took it for granted that all parties would understand that the reversal was only as to the judgment that was appealed from and, therefore, we did not see fit, as we

have stated herein, to go into detail as to the fact that by failure to answer the material facts of the petition, same stood confessed. Further, having said in our opinion that the facts alleged entitled the proponent to the relief prayed for and that the relief prayer for could only be had by setting aside the default judgment against John A. Ripley, we conclude that the intent of the mandate is clearly expressed.

The last paragraph of the aforesaid opinion, taken from the context of the whole, evidently has given rise to the contention that this court remanded the cause of action in the nature of a writ of error *coram nobis* for a rehearing. However, when the whole context of the opinion be considered, no other proper construction can be had other than that the mandate authorized the trial court to set aside the judgment of January 26, 1932, and to proceed by proper steps and with proper pleadings to hear the old note case anew.

For the reasons given above, the alternative writ is quashed and permanent writ denied. All concur.