WILLIAM S. LINVILLE v. ALICE RIPLEY, RALPH RIPLEY, FRED JUNE, and EMMETT BARTRAM, Administrator of the Estate of JOHN A. RIPLEY, Appellants.—146 S. W. (2d) 581.

Division One, January 4, 1941.

*Meyer & Imbersteg* and *Horace Merritt* for appellants.

*D. D. Reeves* and *A. F. Harvey* for respondent.

DOUGLAS, J.—This is an action to quiet title to land in Nodaway County. To recount the facts which have given life to this controversy will serve as an epilogue, perhaps, to extended and prolonged litigation which has reached the Kansas City Court of Appeals on five different occasions in its tedious journey through the courts. That court has promulgated opinions in three of the cases. We refer to them for a history of this litigation. [See Bank of Skidmore v. Ripley (Mo. App.), 84 S. W. (2d) 185; State ex rel. Bank of Skidmore v. Roberts, 232 Mo. App. 1220, 116 S. W. (2d) 166; Bank of Skidmore v. Bartram, 142 S. W. (2d) 657.]

As the background of this case we find in 1931 a suit was instituted by the Bank of Skidmore of which Linville, the plaintiff in this case, is cashier against two defendants, Marion F. Ripley and John A. Ripley, on a promissory note for $1100. Neither defendant appeared and judgment was rendered by default. Marion F. Ripley is not concerned here. Less than a month later John A. Ripley died. His widow, Alice Ripley, the main appellant here, was appointed administratrix of his estate. The bank then filed its demand against the estate of John A. Ripley. Its demand was based not upon the note but solely upon the default judgment. The administratrix attempted to stay the proceedings for the allowance of the demand pending her action in the appellate court to have the default judgment against her intestate set aside. The probate court refused her request and the demand was allowed. The bank, as a creditor of the estate because of its allowed claim, petitioned for the sale of the real estate belonging to the decedent's estate in order to collect its claim. The court sustained the bank's application and entered an order to sell the land. The sale was not immediately held but was

postponed from time to time and at intervals the order of sale, based on the same original petition of the bank, was renewed. In the meantime the default judgment against the deceased Ripley was set aside by the Kansas City Court of Appeals and held void *ab initio* and the suit on the note was remanded for trial on its merits. [Bank of Skidmore v. Ripley, supra.] The reasons assigned for setting aside the default judgment was because, when summons was served upon John A. Ripley, he was "under total disability by reason of illness in both mind and body, so much so that he was insane, unable to give the matter attention, and incapable of protecting his own affairs or business, being prostrate in bed in his last illness, totally helpless, and unable to attend court or to look after any business or to employ attorneys, or to communicate with any person to attend to his defense and pleading in his cause." The court also found the pleadings showed there was no consideration for Ripley's signing the note which fact, if proved, would establish a good defense in favor of Ripley's estate. After some intervening legal combats, judgment was entered in the circuit court holding Ripley's estate not liable on the note. This judgment was affirmed in Bank of Skidmore v. Bartram, supra. The bank, still relying on its allowed demand, made further application to the probate court for various orders and relief. The administratrix in opposing these applications advised the probate court through pleadings of various character that the default judgment which, as we have observed earlier, was the sole basis of the bank's allowed claim, had been declared void by the Kansas City Court of Appeals and contended that the bank was not, therefore, a creditor of the estate. However, the probate court disregarding this contention permitted the bank to proceed as a creditor. The bank had Alice Ripley removed as administratrix and defendant Bartram was appointed administrator in her stead. Finally in 1939 the order of sale originally obtained on the bank's petition was renewed and the real estate sold to a person acting for plaintiff.

In this case plaintiff is seeking to quiet title to that real estate. He claims title by *mesne* conveyance from the purchaser at the sale. He alleges defendants are claiming title under the intestate to the same land and asks that the court decree that he, the plaintiff, is the sole owner. Defendants answer that the deed obtained through the administrator's sale conveyed no title to plaintiff because the sale was based on a void order of the probate court and prays that title be decreed in them as the widow and heirs of the intestate, and that the administrator's deed be cancelled as a cloud upon their title. Judgment below was for plaintiff and defendants have appealed.

The determination of the question of the validity of the sale will settle the issues of this appeal. If the judgment of the probate court ordering the sale is void, naturally the sale itself is void.

The attack upon the judgment in this proceeding constitutes, of course, a collateral one. But we held in Orchard v. Store Co., 225 Mo. 414 at 461, 125 S. W. 486, a void order of sale by a probate court was subject to collateral attack and further, a sale under such a void order conveyed no title to the purchase.

It is true an order of sale is a judgment of the probate court which is entitled to all the presumption in favor of its validity given by law to a judgment of a court of general jurisdiction. [Bray v. Adams, 114 Mo. 486, 21 S. W. 853.] And, like the judgment of a court of general jurisdiction, if a judgment of a probate court is regular on its face and does not disclose lack of jurisdiction in the record of the proceedings in the course of which it was rendered, it is impervious to collateral attack. [Wilson v. Wilson, 255 Mo. 528, 164 S. W. 561.] Only the face of the judgment and the record proper may be used to impeach the judgment in a collateral proceeding. Even though a judgment on its face shows jurisdiction yet it may be impeached by other parts of the record which show affirmatively want of jurisdiction. [Cloud v. Inhabitants of Pierce City, 86 Mo. 357; McClanahan v. West, 100 Mo. 309, 13 S. W. 674; Sisk v. Wilkinson, 305 Mo. 328, 265 S. W. 536; Inter-River Drainage District v. Henson (Mo. App.), 99 S. W. (2d) 865.]

In the trial below the full record of the proceedings in the probate court was introduced in evidence and is before us. From that record we find the order of sale was based on the petition filed by the bank, in which it was represented that the bank was a creditor of the estate. The record also shows the bank's claim against the estate which furnished its status as creditor was founded on a judgment of the circuit court which was void ab initio. In addition, the record shows that there was no liability of the estate on the note itself aside from any consideration of the default judgment. Repeating for emphasis, we find from the record the bank's claim was allowed solely on a judgment which was under review; the judgment was later declared void ab initio; the estate as held free from any liability on the promissory note as well on which the judgment had been rendered; all these facts were of record in the probate court at the time of the final renewal of the order of sale, at the time of the sale and at the time of the approval of the sale. The bank was not, therefore, a creditor of the estate and the judgment reciting that it was a creditor is impeached by the record.

The petition for the sale of real estate was instituted under Sec. 146, R. S. 1929, Mo. Stat. Ann., p. 94, which provides that a creditor or any other person interested in the estate may file such petition. It affirmatively appears from the record the bank was not entitled to petition for the sale because it was not a creditor nor was interested in the estate. It follows that the probate court under the circumstances of this case had no jurisdiction to enter its judgment ordering

the sale, and the same is void. We have previously considered the same question presented here and held where the probate court makes an order of sale of real estate on the application of one who was not authorized by the statute to make such application, the order is void. [Stark v. Kirchgraber, 186 Mo. 633 at 645, 85 S. W. 868.] The points considered in that case are much the same as the ones before us. There we held that it was proper to introduce in evidence the entire record of the probate proceedings. From an examination of such record we found that one of the *essentials* necessary to confer jurisdiction was absent in that the proper parties were not before the probate court because the party who instituted the proceedings for the sale of the land was neither a creditor nor was interested in the estate within the provisions of the statute. Under such conditions we held the sale was void and no title was conveyed. The same defense was advanced that the judgment of the probate court could not be attacked in a collateral proceeding and was overruled because the record affirmatively showed want of jurisdiction. That decision is apposite and decisive here.

It is argued that Alice Ripley is estopped from claiming the order of sale was invalid because she had participated in a previous sale of the property held under the same original petition and order. That sale was later disapproved by the probate court. There is sound authority for the ruling that where an owner of property conversant with the facts as to his interest therein bids on it at a judicial sale without giving notice of his title, he will be estopped thereafter to assert his title or contest the validity of the sale to the prejudice of anyone who acted in reliance on his conduct and in ignorance of the facts. This rule does not fit the facts of this case and is clearly irrelevant here. Furthermore, there is no proof in the record to show any basis for estoppel. Plaintiff has pleaded estoppel in his reply. It is his duty, under the circumstances of this case, to prove every fact essential to sustain his charge. There is no evidence whatever that any reliance was placed upon Alice Ripley's conduct or that it operated to mislead anyone. Consequently we may not consider this defense.

We hold that the probate court had no jurisdiction to order and approve the sale of the real estate involved in this action; that its judgments relating to the sale are void; that respondent acquired no right, title or interest in the real estate; and that the administrator's deed is a cloud on defendants' title. Under these holdings it would not be equitable for the administrator of the estate to retain the proceeds from the sale. They should be refunded to the proper party.

The judgment is reversed and the cause remanded with directions to enter a decree for defendants; to cancel the administrator's deed as a cloud on defendants' title and for such further proceedings only as may be proper hereunder. All concur.