WILLIAM S. LINVILLE, RESPONDENT, v. ALICE RIPLEY ET AL., APPELLANTS.—173 S. W. (2d) 687.

Kansas City Court of Appeals.   June 14, 1943.

*Meyer & Imbersteg* and *Horace Merritt* for appellants.

1276

*D. D. Reeves* and *A. F. Harvey* for respondent.

SPERRY, C.—This is a proceeding in equity to recover purchase money paid by William S. Linville to Emmett Bartram, administrator of the estate of John A. Ripley, deceased. The suit was brought by Linville, plaintiff, against Emmett Bartram, administrator, and Alice Ripley, Susie Summers, Faye Jopling, Beatrice Bundy, Dorothy Bundy and Fern Randall, widow and heirs-at-law of deceased, defendants. Lewis W. Garnett was permitted to become a defendant, after suit was filed, on motion filed by him through Linville's attorney. Judgment was for plaintiff, and the widow and heirs-at-law, only, prosecute this appeal.

This court is somewhat familiar with the facts out of which this lawsuit arose, there having been five cases, involving substantially similar facts, that have reached this court. We have rendered written opinions in three of those cases. [Bank of Skidmore v. Ripley et al., 84 S. W. (2d) 185; State ex rel. Bank of Skidmore v. Roberts, 116 S. W. (2d) 166; Bank of Skidmore v. Bartram, 142 S. W. (2d) 657.] Another case growing out of the same general transaction and involving many of the facts forming the basis of the above-mentioned litigation was the subject of a decision rendered by the Supreme

Court. [Linville v. Ripley, 146 S. W. (2d) 581.] For a clear understanding of the facts and issues here involved it is recommended that all of the above opinions be read.

Plaintiff purchased from the administrator a part of the real estate owned by John A. Ripley at the time of his death, and paid into the hands of the administrator the sum of $2050 cash as purchase price therefor. It was later held, by the Supreme Court, that the administrator had no power to sell said real estate because it was not sold to pay any indebtedness owed by the said John A. Ripley, deceased, and that court ordered that the administrator's deed, theretofore delivered to plaintiff, be cancelled (Linville v. Ripley, *supra*); and the court also said, l. c. 584: "Under these holdings it would not be equitable for the administrator of the estate to retain the proceeds from the sale. They should be returned to the proper party." This suit is brought to recover said purchase price money.

The evidence in the case at bar disclosed that Bertram, the administrator, had paid out, prior to the filing of this suit, $1167 of said funds and that he, at the time of trial, retained $833, the balance thereof. The evidence further disclosed that the money paid out by the administrator was paid to various persons for attorney fees, court costs, appraisal fees, administrator's fees and expenses, abstract fees, printing, etc.; that said items were paid after the probate court had authorized payment by court orders duly made of record; and that said items so paid were for fees, services, costs and expenses rendered and incurred long after the administration of the estate of John A. Ripley had been instituted.

The trial court, after hearing the testimony, rendered the following judgment:

"Wherefore, It is by the court ordered, adjudged and decreed that plaintiff, William S. Linville, have and recover of and from the administrator of said estate said sum of Two Thousand Fifty ($2050) Dollars together with interest thereon from the 7th day of August, 1941, at the rate of six per cent per annum until paid. That the lien and charge of said trust funds be on all funds now in his hands or coming into said estate and coming into his hands as such administrator be enforced and said administrator be bound and held for the payment of said sum of Two Thousand Fifty ($2050) Dollars and interest thereon as aforesaid as a trust fund. That the lien and charge upon the lands herein before described be enforced upon and against said lands and said sum of Eleven Hundred Sixty-seven ($1167) Dollars for the use and benefit of said estate and the aforesaid lands or sufficient thereof to pay said indebtedness of Eleven Hundred Sixty-seven ($1167) Dollars being a portion of said original indebtedness of said administrator of Two Thousand Fifty ($2050) Dollars, be seized, levied upon and sold as upon a special execution and that plaintiff have and recover his interest in the sum of $90.50 together

with costs. And that said administrator, now having in his hands the sum of Eight Hundred Thirty-three ($833) Dollars, being a part of said original Two Thousand Fifty ($2050) Dollars so paid to him in trust as aforesaid, be and he is hereby adjudged to pay said funds to said amount from said trust funds in his hands, or to pay said amount to said plaintiff from and out of any funds belonging to said estate coming into his hands as such administrator.''

The widow and heirs at law contend that the judgment is erroneous, as to them and their interests, because it holds that the real estate of deceased is subject to a lien for the amount of $1167, interest in the amount of $90.50, and costs; and because said judgment orders said real estate sold and the proceeds of said sale applied to the payment of the judgment in favor of plaintiff.

The question is: Can plaintiff cause to be sold the land which belonged to deceased during his lifetime and have so much of the proceeds thereof paid to him as may be necessary to reimburse him for money paid by him to the administrator as purchase price on land illegally sold to him, and by the administrator paid out as above stated?

Section 141, Revised Statutes Missouri 1939, provides that if a decedent's personal estate ''. . . shall be insufficient to pay his *debts* and *legacies*, . . . '' (italics ours) his executor or administrator shall present a petition to the proper court praying for a sale of so much of the real estate as shall be necessary to pay the ''debts and legacies, . . . '' Section 165, Revised Statutes Missouri 1939, provides that the court may, upon its own initiative, under certain conditions, order real estate of a decedent sold ''to pay the debts and legacies, . . . '' Nowhere do we find a statutory provision authorizing sale of real estate of a decedent except it be for payment of debts and legacies; and it has been held that probate courts have no power to authorize the sale of real estate of a deceased except in cases provided by statute. [Bompart's Adm. v. Lucas & Hunt, 21 Mo. 598, l. c. 603.] It is said, in 21 Am. Jur., pp. 702, 703, that real estate may be sold only under provisions of the will of the deceased owner, for distribution, and to pay debts of decedent contracted during his lifetime. The evidence in this case discloses that all of the money paid in by plaintiff and expended by Bartram was expended for such items as attorney fees, probate court costs, printing, appraisal fees, administrator's fees and expenses, abstract fees, etc. Such items constitute costs of administration. [Kopp v. Moffett, 167 S. W. (2d) 87, l. c. 91.] ''The administrator has no power over the real estate, except so far as to hold it for the payment of the debts of the deceased; and when there are no debts, the land descends to the heirs, or escheats to the State; and it is not the power of the administrator to hinder this legally; nor can the probate court direct or order a sale of real estate for costs accrued after the administration begins, and only because it did begin. Such costs are not debts due by the

deceased, *nor debts at the time of the death of the intestate."* (Italics ours.) [24 Mo. 16, l. c. 18. See, also, Howell v. Jump, 140 Mo. 441, l. c. 457; 95 A. L. R. 1147N; 35 Fed. (2d) 419, Syl. 8.]

It is unquestionably the law that none of the recipients of the proceeds of the purchase money of land, paid to the administrator by plaintiff and by him paid out to the various claimants, could have compelled a sale of the land in order to collect their charges because such charges constituted costs of administration. Furthermore, none of said claimants could have availed themselves of a suit in equity in circuit court to establish or collect their claims because jurisdiction of such claims is vested exclusively in probate court [Kopp v. Moffett, *supra.*]

It must follow that an administrator who cannot bring about the sale of land of his decedent in probate court, by incurring costs of administration therein, may not be permitted to accomplish the same result in any other manner; and that he may not so obligate and bind the lands of his decedent in any manner whereby another may be permitted to do what could not otherwise have been legally done. Since the persons who received plaintiff's money could not have been reimbursed by causing a sale of the land, plaintiff cannot do so merely because he, inadvertently, furnished the money to pay their claims. It is true that but for plaintiff's money these claims would have gone unpaid for lack of funds. However, decedent's lands cannot be subjected to sale in any manner except that provided by law, no matter how equitable may be the claim of plaintiff. Even a court of equity may not depart from precedent and assume an unregulated power of administering abstract justice. Equity has no jurisdiction over imperfect obligations resting upon conscience and moral duty only, unconnected wth legal obligations. [19 Am. Jur., p. 56, par. 28.]

The judgment is erroneous insofar as it orders the lands of deceased, John A. Ripley, held under a lien for payment of any sum whatever to plaintiff and sold to satisfy said judgment and lien. To that extent only, and insofar as it affects the rights of these appealing defendants to the land in question, the judgment should be reversed. That is the only question properly before us for review. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed in part in accordance with said opinion. All concur.