ALICE RIPLEY, DAPHNE DYSART, SUSIE SUMMERS, FAYE JOPLIN, FERN RANDAL, BEATRICE BUNDY, and DOROTHY BUNDY, Appellants, v. BANK OF SKIDMORE, a Corporation, WILLIAM S. LINVILLE, C. E. LINVILLE and LEWIS GARNETT.—No. 39980.—198 S. W. (2d) 861.

Division One, January 13, 1947.

898

*Horace Merritt, C. W. Prince* and *Wm. Dennis Bush* for appellants.

*C. B. DuBois* and *E. R. Redman* for respondents.

DOUGLAS, J.—Plaintiffs' petition for malicious prosecution carried on by a series of successive civil proceedings was dismissed for the reason it failed to state a claim upon which relief could be granted, and they have appealed.

This case grows out of a persistent effort on the part of the Bank of Skidmore to collect an alleged claim on a note by a series of proceedings ultimately directed against plaintiffs' eighty-acre farm. The petition is too long to be set out. It recounts each of the suits in the series, and charges the defendants with a design or scheme to use them maliciously and without probable cause for the purpose of extorting money or land from the plaintiffs.

The series of suits commenced with the bank's filing a suit on a note against John A. Ripley. Ripley has signed the note without receiving any consideration. 84 S. W. (2d) 185. Summons was attempted to be served while he was in his last illness and insane, and the bank took a default judgment which was void. Shortly thereafter, Ripley died leaving Alice Ripley, his widow, and the other plaintiffs as his heirs who inherited the eighty-acre farm. Defendants Wm. S. Linville is an officer and agent of the bank and C. E. Linville is its cashier.

Some time after Ripley's death the bank filed a claim against Ripley's estate on the void default judgment, and later obtained an order for the sale of the farm to satisfy the claim. These plaintiffs by a

writ of error coram nobis succeeded in having the default judgment set aside, the Kansas City Court of Appeals holding it was void ab initio. A mandamus suit instituted by the bank in the court of appeals followed, which was decided against the bank. Then the bank filed suit against Bartram, administrator de bonis non of the estate of John A. Ripley, seeking to recover on the note and default judgment, which it lost. However, the bank continued to press its claim through the order of sale it had obtained in the probate court and had the farm sold. The farm was purchased by an officer and agent of the bank, W. S. Linville. Then Linville brought suit against the present plaintiffs to quiet title to the farm. Linville lost this case on appeal and his deed to the farm from the administrator was cancelled. Then Linville sought to recover from the administrator the sum he had paid for the farm, and to obtain a lien against the farm and an order to sell it to satisfy the lien. Linville ultimately lost this suit. The plaintiffs appear to have been subjected to continuous litigation for eleven years, from 1932 to 1943. The reported cases which represent but a part of the bank's use of the courts in its campaign to collect its void judgment are: Bank of Skidmore v. Ripley, Admx. (Mo. App.), 84 S. W. (2d) 185; State ex rel. Bank of Skidmore v. Roberts, Special Judge, 232 Mo. App. 1220, 116 S. W. (2d) 166; Bank of Skidmore v. Bartram, Admr. (Mo. App.), 142 S. W. (2d) 657; Linville v. Ripley, 347 Mo. 95, 146 S. W. (2d) 581; Linville v. Ripley, 237 Mo. App. 1275, 173 S. W. (2d) 687.

The contention is made that the petition, and these reported cases themselves, show that the various proceedings were initiated with probable cause to believe they were legally just and proper. If the petition does show that such was the case, its dismissal was proper because want of probable cause is an essential element of an action for malicious prosecution in civil proceedings, as well as in criminal. Alexander v. Harrison, 38 Mo. 258.

In advancing this contention it is argued the judgment obtained in the first proceeding, the case brought by the Bank of Skidmore against John A. Ripley, even though a default judgment, is conclusive evidence of probable cause. The rule is that a judgment or finding in favor of the plaintiff in the original action is conclusive evidence of probable cause, or estops defendant therein from denying the existence of probable cause, in the absence of fraud or other improper means used in obtaining the judgment or of evidence that the parties responsible for the prosecution of the action did not believe the testimony which induced the judgment. Moreover, the conclusiveness of a judgment on the question of probable cause is not ordinarily affected by the fact it is found to be erroneous, or is reversed, or is set aside for irregularity, on appeal to a higher court. Laughlin v. St. Louis Union Trust Co., 330 Mo. 523, 50 S. W. (2d) 92; Contra: Restatement Torts, Vol. 3, sec. 674.

But if the judgment is obtained in an *ex parte* proceeding it is not evidence of probable cause. In the Restatement of Torts, Vol. 3, sec. 674, page 445, we find under the title Wrong Initiation of Civil Proceedings: "Under the rule stated in this Section, an action may be maintained for the wrongful initiation of *ex parte* proceedings without proving that they have terminated in favor of the person against whom they were brought. Proceedings are *ex parte* when relief is granted without an opportunity for the person against whom the relief is sought to be heard." And see 38 C. J. Mal. Pros., sec. 129. Since the judgment in Bank v. John A. Ripley was obtained by default in a proceeding which was in fact *ex parte*, the general rule is not applicable and the default judgment is no evidence of probable cause.

The default judgment is no evidence of probable cause for another reason. It was not merely erroneous or irregular, it was void ab initio. Certainly a void judgment may not be held to be evidence of probable cause. "No conclusive effect can be given to a judgment which is absolutely void . . . " 34 C. J. Judgments, ·sec. 1310. Nor does a void judgment have any effect as an estoppel. 34 C. J. Judgments, sec. 1183.

"All proceedings founded on a void judgment are themselves regarded as invalid." 31 Am. Jur. Judgments, sec. 430, quoted in In re Main's Estate, 236 Mo. App. 88, 152 S. W. (2d) 696. Therefore, it follows that the order of the probate court allowing against Ripley's estate the demand based on the void judgment, and the order of sale of the farm were likewise void and no evidence of probable cause. Since a void judgment is a nullity no rights may flow from it. "Being worthless in itself, all proceedings founded upon it are equally worthless." Mohler v. Shank's Estate, 93 Iowa 273, 61 N. W. 981. And see Ruckert v. Moore, 317 Mo. 228, 295 S. W. 794.

Despite the fact the default judgment was held to be void, the bank persisted in having the property sold under the order of sale stemming from the void judgment. This court held the order of sale was void in Linville v. Ripley. The property was bought in by the bank's officer, W. S. Linville, who thereafter obtained a judgment of the circuit court quieting title in him. This judgment resting on a worthless foundation is of the same character. The only judgment in the long chain of proceedings which appears to have been merely erroneous rather than void was the one rendered in the last case in the series in which Linville sued Ripley's estate to recover the money he had paid for the farm at the sale under the void order of sale. This judgment was held erroneous by the Kansas City Court of Appeals in so far as it attempted to subject the farm to its lien. Since the judgment was held to be only erroneous and not void it could constitute evidence of probable cause. Therefore it is questionable whether this last case constitutes one of the proper bases for this ac-

tion, but the fact that it is pleaded does not affect the validity of the balance of the petition.

We do not have the situation here found in Wilkerson v. McGhee, 265 Mo. 574, 178 S. W. 471 and Dawes v. Starrett, 336 Mo. 897, 82 S. W. (2d) 43. In those cases it was held that the mere allegation of the ultimate fact of want of probable cause was cancelled by an allegation in the same petition that the grand jury returned an indictment, which was of itself prima facie evidence of probable cause. Accordingly in those cases it was held necessary to plead facts to show want of probable cause such as fraud, false testimony and improper means in procuring the indictment. But ordinarily the allegation of want of probable cause as an ultimate fact is sufficient. Block v. United States F. & G. Co., 316 Mo. 278, 1. c. 305, 290 S. W. 429. In this case however, plaintiffs have pleaded various facts in detail which are more than sufficient to show want of probable cause.

Malice is also of the gist of an action for malicious prosecution. Polk v. M.-K.-T. Ry. Co., 346 Mo. 793, 142 S. W. (2d) 1061. But malice may be inferred from want of probable cause. Randol v. Kline's Inc., 322 Mo. 746, 18 S. W. (2d) 500. "Malice is a fact to be pleaded as such; it would be bad pleading to set forth the evidence to establish it." 34 Am. Jur., Mal. Pros., sec. 115; 38 C. J., Mal. Pros., sec. 128. Plaintiffs have affirmatively alleged malice on the part of defendants in instituting and continuing the series of proceedings. That is sufficient. And what could be a better example of malice than allegations showing the use of a series of civil proceedings in a stubborn and continuing attempt to recover on a void judgment.

While the first proceeding was instituted against John A. Ripley and not against the plaintiffs in this case, the death of Ripley and the passing of the farm to plaintiffs transferred to them the responsibility of protecting the farm in the ancillary and subsequent proceedings. "Even though the principal proceedings were properly brought, the ancillary proceeding may be wrongfully initiated. In such a case the wrongful procurement and execution of the ancillary process subjects the person procuring it to liability under the rule stated in this Section." Restatement Torts, Vol. 3, p. 443. Although the original action was against John A. Ripley, the tort complained of in this case is the malicious prosecution of plaintiffs which commenced after his death, and which is based on proceedings ancillary to the void judgment against him to collect the void judgment from plaintiffs or their property. After Ripley's death the original suit was, for the purposes of this action, against plaintiffs herein, represented by the widow as administratrix, who, in effect, became the adversary parties to the bank.

The proceedings against the administratrix and against the administrator de bonis non were also, for the purposes of this action, equivalent to proceedings against the plaintiffs. It is well established

that a suit for malicious prosecution lies where the defendant has maliciously instituted garnishment proceedings against a third party to tie up funds belonging to plaintiff. It was not essential to this kind of action that plaintiffs' property be actually seized. Smith v. Burrus, 105 Mo. 94, 16 S. W. 881.

The petition alleges a scheme or design by defendants to collect the bank's claim through harassing the plaintiffs by a series of succesive proceedings. Plaintiffs instead of suing separately because of each proceeding bring but one suit on all of them. In the Restatement of Torts, Vol. 3, sec. 673 an action of this sort is contemplated where a person has repeatedly initiated civil proceedings against another for the same cause of action. And see Shedd v. Patterson, 302 Ill. 355, 134 N. E. 705, 706, 26 A. L. R. 1004 and Anno. 26 A. L. R. 1008; 34 Am. Jur., Mal. Pros., sec. 13. But the statute of limitations is raised as a bar because the allegations show some of the proceedings terminated more than five years before the filing of the present action.

Ordinarily a cause of action for malicious prosecution is complete when the prosecution is terminated favorably to the plaintiff. And where the prosecution is finally terminated on appeal the statute does not begin to run until the disposal of the appeal. 34 Am. Jur., Mal. Pros., sec. 109. It is doubtful whether plaintiffs in this case may be permitted to recover actual damages for expenses incurred in the proceedings which had finally terminated by the overruling of the respective motions for rehearing in the appellate courts more than five years before the filing of this case. But the allegations of those proceedings are necessary in stating a case to recover for successive proceedings, and are relevant on the issue of malice and therefore to the right to recover punitive damages. Other proceedings are alleged in the petition which are within the term of the statute.

The necessary elements to support this action for malicious prosecution are: (1) the initiation of the proceedings by or at the instance of these defendants; (2) the termination of such proceedings favorably to these plaintiffs; (3) want of probable cause for the proceedings; (4) malice in initiating the proceedings; (5) and the suffering of injury or damage as a result of the proceedings. Higgins v. Knickmeyer-Fleer R. & I. Co., 335 Mo. 1010, 74 S. W. (2d) 805. And see Lindsay v. Evans (Mo. App.), 174 S. W. (2d) 390. The plaintiffs have set out in their petition these elements essential to maintaining this action. Accordingly the action of the trial court in dismissing the petition was error.

The judgment is reversed and the cause is remanded with directions to reinstate the petition. All concur except *Conkling, J.*, not sitting because not a member of the Court when the cause was submitted.