Don STANDLEY, Appellant,

v.

WESTERN AUTO SUPPLY COMPANY, a Corporation, Respondent.

No. 22850.

Kansas City Court of Appeals.
Missouri.
Jan. 12, 1959.

Morris & Lay, Kansas City, for appellant.

James W. Benjamin, Rogers, Field, Gentry & Jackson, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff sued defendant company for malicious prosecution, claiming both actual and punitive damages. At the close of plaintiff's evidence the trial court sustained

defendant's motion for a directed verdict. Plaintiff's motion for new trial was overruled. Within proper time and on April 7, 1958, plaintiff filed his appeal "from the order overruling plaintiff's motion for new trial". On this same date plaintiff filed a "motion to appeal forma pauperis", accompanied by a supporting affidavit. This latter motion was denied by the trial court May 21, 1958.

■ Although the court's action in denying plaintiff's application to appeal forma pauperis was not set up in the motion for new trial (it could not have been since it was first filed ten days after the motion for new trial was overruled), plaintiff complains on this appeal that it was error to deny him the right to prosecute the appeal as a poor person. Section 514.040, V.A.M.S. provides that the court before or after commencement of suit may, " * * * in its discretion * * * " permit a litigant " * * * to commence and prosecute * * * " his action as a poor person. In State ex rel. Miller v. Smith, Mo.App., 120 S.W.2d 184, it was held, in accord with the statute, that disposition of such a motion rests within the sound discretion of the court, and was not subject to control by mandamus. Plaintiff's testimony in the case showed him to have been regularly employed as a truck driver by the Bailey Transfer Company for a period of six years and he was so employed at the time of the trial. There is nothing in the record before us showing an abuse of discretion in denying plaintiff's application to sue as a poor person, and the point is ruled against appellant.

■ By motion filed in this court defendant asks us to dismiss this appeal because (1) the appeal, as taken, was from the " * * * order overruling plaintiff's motion for new trial", rather than from the judgment, and (2) because appellant's brief is typewritten and, therefore, not authorized under Supreme Court Rule 1.12, 42 V.A.M.S. In the exercise of our discretion we have decided *in this case* to receive and consider appellant's typewritten brief.

■ It is true that plaintiff's notice of appeal recites that the plaintiff appeals " * * * from the order overruling plaintiff's motion for new trial", and Section 512.020, V.A.M.S. does not specifically authorize an appeal from such an order. However, defendant's motion to dismiss cannot be sustained on this ground. In Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 659, the Supreme Court held that averments of notice of appeal should be liberally construed to permit appellate review so long as opposing party is not misled, and that a notice of appeal from an order and judgment overruling motion for new trial was sufficient notice of appeal from the final judgment. See also, White v. Johnson, Mo.App., 206 S.W. 2d 577, 578; Boenzle v. United States Fidelity & Guaranty Co., Mo.App., 258 S. W.2d 938, 941.

■ Plaintiff's only additional assignment, and it was presented in the motion for new trial, is that the court erred in sustaining defendant's motion for a directed verdict and in entering judgment thereon for defendant. We shall consider this point and whether or not plaintiff made a submissible case.

In May, 1953, plaintiff bought a television set and some other items from defendant, and gave his promissory note in payment therefor. On June 29, 1955, he went into voluntary bankruptcy, listing the defendant Western Auto Supply Company as one of his creditors. Notice of such bankruptcy and later notice for objections to discharge were mailed to defendant. On December 13, 1955, plaintiff was finally discharged from the bankruptcy proceeding by the Federal Court. On February 1, 1956, defendant filed suit against plaintiff for the unpaid balance of said indebtedness which totaled, with interest and attorney's fees, $267.45. On February 24, 1956, plaintiff, by his attorney, filed answer and therein affirmatively set up the discharge of the

debt by reason of the bankruptcy proceeding. On March 9, 1956, defendant dismissed the case; whereupon plaintiff filed this suit for malicious prosecution.

Only two witnesses testified—the plaintiff and his attorney. Plaintiff's attorney said he talked with a Mr. Miller, apparently an employee of the defendant company in the credit department, in the spring and summer of 1955, relative to this indebtedness. However, he only summarized conversations had while the plaintiff's petition in the bankruptcy court was pending under the Wage Earner's Plan. Defendant was not listed as a creditor under that proceeding and it was later voluntarily dismissed.

Plaintiff himself testified that he bought the merchandise, was unable to make the payments, filed the Wage Earner's Proceeding, but did not list defendant's debt in that schedule, dismissed it and then filed as a straight bankrupt. He said that after his discharge he received letters from defendant's attorneys asking that he pay this obligation and threatening suit if he did not pay. He delivered these letters and a similar one from defendant's representative, Mr. DeLeve, to his attorney. Neither plaintiff nor his attorney ever notified defendant company or its attorneys of the defense of bankruptcy to this claim. He stated that he had received a bill for atttorney fees in that suit in the amount of $50.

■ In the trial below, plaintiff offered to prove that his Wage Earner's Bankruptcy petition was filed and that he told a Miss White, who was defendant's employee, about it and also about the later straight bankruptcy. Defendant was not listed as creditor in the first proceeding and it was voluntarily dismissed. This evidence was immaterial. His offer to prove that he told a Miss White about his later bankruptcy with no showing as to her employment capacity with defendant, coupled with his vagueness as to time and lack of even a general degree of definiteness as to just what he said, made this testimony inadmissible. The trial court properly refused to let him state the number of his children, and that they and his wife had been ill.

■ In a suit for malicious prosecution the burden is upon plaintiff to aver and prove the essential elements of such cause of action namely, (1) institution of the original judicial proceeding by defendant; (2) its termination in plaintiff's favor; (3) want of probable cause; (4) malice in instituting the proceedings and (5) resultant damage. Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, 866. Under the evidence here there is no question but that defendant brought the suit. It terminated in favor of plaintiff, who suffered damage by incurring attorney fees. The question of malice is one for the jury. The decisive issue here is on the question of probable cause.

In 54 C.J.S. Malicious Prosecution § 22, we find this definition: "Probable cause in civil proceedings consists of such facts and circumstances as will warrant a cautious, reasonable, and prudent man in the honest belief that his action and the means taken in prosecution of it are just, legal, and proper". And on page 1088: "The question of probable cause in actions for malicious prosecution is solely for the determination of the court where the facts relied on are admitted or undisputed and only one inference can be drawn therefrom". In Henderson v. Cape Trading Co., 316 Mo. 384, 289 S.W. 332, 334, the Supreme Court of Missouri stated the probable cause definition and the rule on burden of proof as to it in this language: "The courts all agree that the gist of an action for malicious prosecution is the existence of malice and want of probable cause. Wilkinson v. McGee, 265 Mo. 574, loc. cit. 582, 178 S.W. 471. Probable cause is 'a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation.' Boeger v. Langenberg, 97 Mo. 390, loc. cit. 396, 397, 11 S.W. 223, 224 (10 Am.

St.Rep. 322). If the facts are undisputed, it is the duty of the court to declare their legal effect, and state whether or not want of probable cause exists. * * * The burden is upon the plaintiff to show the existence of both malice and want of probable cause. Sappington v. Watson, 50 Mo. 83, loc. cit. 84. A bare showing that defendants voluntarily dismissed the civil suit or prosecution complained of, without other facts in evidence tending to show the existence of want of probable cause does not discharge plaintiff's burden of proof, and hence plaintiff makes no case for the jury upon such unsupported showing. Smith v. Burrus, 106 Mo. 94, loc. cit. 99, 16 S.W. 881, 13 L.R.A. 59, 27 Am.St.Rep. 329; Eckerle v. Higgins, 159 Mo.App. 177, loc. cit. 190, 140 S.W. 616".

■ Until there is affirmative proof of lack of probable cause the defendant is not called on for his defense. Wilcox v. Gilmore, 320 Mo. 980, 8 S.W.2d 961, 962. In Lindsay v. Evans, Mo.App., 174 S.W.2d 390, it was held that probable cause for the bringing of a civil proceeding is a belief in the cause of action or facts alleged based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence so situated as was the plaintiff who instituted the proceeding. Section 509.090, V.A.M.S. lists " * * * discharge in bankruptcy * * * " along with accord and satisfaction and statute of limitations, among others, as defenses which shall be affirmatively pleaded.

■ In our case plaintiff alleged (1) Incurrence of the debt sued upon and its nonpayment; (2) That defendant company knew the debt had been discharged in bankruptcy; (3) That defendant maliciously, wrongfully and without exercising care commensurate with the circumstances, sued him for the amount of the debt; (4) That such suit terminated favorably to plaintiff and (5) That plaintiff suffered damage thereby. Plaintiff's evidence, viewed in the light most favorable to him (as it must be since we are passing upon the court's action in directing a verdict) generally follows the petition. Plaintiff admitted owing the debt and that it was unpaid. His proof as to notice to defendant that this debt had been finally discharged in bankruptcy, rested upon proof through the bankruptcy referee's records that (1) notice of his bankruptcy, and (2) notice for objections to his discharge, had been mailed to defendant company. Neither plaintiff nor his attorney ever advised defendant orally or by letter of such final discharge, even though plaintiff received letters and calls relative to this account and even though such letters were promptly turned over to his attorney.

We are at once confronted with two questions: First, did defendant have actual knowledge of plaintiff's final discharge in bankruptcy or did the receipt of the two notices require that it investigate the records and determine if he had been discharged? Second, even if defendant knew of the discharge, was it precluded from bringing suit on the account when neither plaintiff nor his attorney, responsive to its collection letters, ever advised defendant of their intention to raise such defense?

Plaintiff has invited our attention to numerous decisions. We shall discuss some of them. There are two decisions by this court, namely, Jones v. Phillips Petroleum Co., Mo.App., 186 S.W.2d 868, and McAnarney v. Commonwealth Loan Co., Mo. App., 208 S.W.2d 480. In each of these cases the defendant garnisheed the wages of the wrong man—of a person who was not indebted to the company although he had the same name and was located through use of the telephone directory. The court held in each of these cases that there was want of probable cause. In Gore v. Gorman's Incorporated, D.C., 143 F.Supp. 9, the creditor had already secured one judgment. It was discharged in bankruptcy. The creditor company wrote the debtor and his attorney and was told the bankruptcy discharge would be offered as a defense. The company then brought suit in another state and ran a garnishment on

debtor's employer. The District Court E. D. of Missouri, held that in this case there was lack of probable cause. The opinion indicates that release in bankruptcy means just that, and states that the whole purpose of the bankruptcy law would be destroyed if the bankrupt must defend suits on these discharged claims. It seems that in this case the plaintiff sustained his burden of proving lack of probable cause by proving something more than mere discharge in bankruptcy. Certainly there was additional harassment, and the suit itself was brought after both the plaintiff and his attorney had advised defendant of their intention to interpose this special defense. In Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, Judge Douglas for the Supreme Court ruled plaintiff's petition was not demurrable, but there, too, defendant had harassed plaintiff for nine years, questioning his title to a farm, seeking to oust him from possession, and had sued him five times, and all this was alleged in the petition.

On the other hand, there is an authoritative line of decisions which hold: (1) The bar of discharge in bankruptcy as a defense to a civil suit on a debt is an affirmative defense which, like the statute of limitations, must be specially pleaded and unless so pleaded, such defense is lost. Our Missouri statute specifically so provides, Section 509.090, supra; (2) The bringing of such a suit even though the debt has been discharged in bankruptcy, does not, standing alone, amount to proof of " * * want of probable cause" as required in a suit for malicious prosecution, and in such instances the courts, and particularly the federal courts, will not (1) restrain the bringing of such a suit and (2) approve recovery in a suit for malicious prosecution unless there is positive proof of knowledge of such discharge *and* other harassing actions taken after the debtor has asserted such special defense.

The opinion in Personal Industrial Loan Corporation v. Forgay, 240 F.2d 18 is by U. S. Court of Appeals, Tenth Circuit.

We quote from page 19: "The power to enjoin proceedings in a state court involving a debt listed in the bankruptcy proceedings or a judgment obtained on such a debt in a state court, either during the bankruptcy proceedings or thereafter, is not an absolute power and may be exercised only under such conditions as appeal to the equitable conscience of the court. This is so because a general discharge in bankruptcy does not wipe out the debt, it only raises a bar to actions thereon in state courts and must be pleaded and, if not pleaded, is waived and in such a case a judgment in the state court is res judicata and is binding on the federal court".

In Helms v. Holmes, 129 F.2d 263, at pages 266 and 267, 141 A.L.R. 1367, the Circuit Court of Appeals, Fourth Circuit, said: "It must be remembered that a discharge in bankruptcy is neither a payment nor an extinguishment of debts. It is simply a bar to their enforcement by legal proceedings. * * * Nor is a creditor guilty of contempt of the bankruptcy court in suing on the old debt in the state court, even though he has notice of the debtor's discharge. In re Weisberg, D.C., 253 F. 833, 834. * * *. 'The discharge in bankruptcy * * * did not automatically relieve him from even the provable debts previously owed by him and duly scheduled.' In re Weisberg, D.C., 253 F. 833, 834.

"Thus, the bankrupt is merely given a personal defense which is waived if he chooses not to avail himself of it. This rule that a failure so to plead operates in law as a waiver of the defense has been uniformly followed by State and Federal Courts alike. Remington on Bankruptcy, Fifth Edition, §§ 3459, 3499, and cases cited. * * *.

"It has been expressly held, however, that whether the Bankruptcy Court should exercise such *discretionary* authority is a matter to be determined from the peculiar facts of the particular case. In re Cleapor, D.C., 16 F.Supp. 481. In the instant situation, we do not feel that there is sufficient

ground for the invocation of equitable relief. Holmes was not unduly harassed by Helms, and the simple expedient of a plea in bar was fully available to him".

Covington v. Robinson, 242 Ala. 337, 6 So.2d 421, is an opinion by the Supreme Court of Alabama. On page 423 of 6 So. 2d the court said: "An unsatisfied judgment is evidence of a demand against the judgment debtor, which will prima facie support a garnishment proceeding thereon, * * *. A discharge of the judgment debtor in bankruptcy proceedings affords him a complete legal defense, if he chooses to avail himself of it. The remedy upon the debt, and the legal, but not the moral, obligation to pay are at an end. The debt itself is not extinguished as a moral obligation and will support a valid new promise".

 In our particular case defendant offered no evidence. The evidence of the plaintiff which was received in court was not controverted. The facts, therefore, are not in dispute and the question of probable cause becomes thereby a question of law for determination by the court. Under the evidence here there is no direct proof that defendant knew that either its debt or the plaintiff had been finally discharged in bankruptcy. However, if it be held that the bankruptcy notices the defendant did receive made it incumbent on it to determine the final bankruptcy results, nevertheless, we believe defendant could still, even though it knew of the discharge, request plaintiff to pay, and receiving no reply, file suit on the claim as it did here and not be guilty of bringing a suit without probable cause, especially when it dismissed the case a few days after plaintiff first invoked his special defense, and when it thereafter did not further sue or harass him.

. This situation would be somewhat similar, we think, to a creditor suing on a debt which he knew was barred by the statute of limitations. Both of these defenses must be specially pleaded and unless offered as an affirmative defense, are waived. We do not believe that in either instance a creditor who brings such a suit would thereby open himself to damages for malicious prosecution if he abandons the matter when such special defense is first interposed and if he does not further harass the debtor.

In this instant situation it is our opinion that plaintiff's evidence fails, as a matter of law, to show that the defendant brought the suit without probable cause, which is a prerequisite to maintenance of a suit for malicious prosecution. Therefore, the motion for directed verdict was properly sustained, and the judgment for defendant is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the court. All concur.